**James KODADEK, Plaintiff–Appellant,**

v.

**MTV NETWORKS, INC., a corporation; Viacom International, Inc., a corporation; Mike Judge, Defendants–Appellees.**

**No. 97–55238.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 1998.

Decided Aug. 31, 1998.

Amelia V. Vetrone, Haile & Simon, Los Angeles, California, for plaintiff-appellant.

Stephen A. Kroft, Sarah P. Trimble, McDermott, Will & Emery, Los Angeles, California, for defendants-appellees.

Before: BRUNETTI, THOMPSON, and T.G. NELSON, Circuit Judges.

BRUNETTI, Circuit Judge:

James Kodadek ("Kodadek") appeals the district court's grant of summary judgment in favor of MTV Networks, Inc. ("MTV"), Viacom International, Inc. ("Viacom"), and Mike Judge. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

Kodadek alleges that he made numerous drawings of two cartoon characters called "Beavis and Butthead" in February or March of 1991 ("1991 drawings"). He claims that he gave one of the drawings to a man who identified himself as Mike Judge. Kodadek asserts that he does not know what happened to that drawing or to the remaining 1991 drawings.

In 1993, Viacom's MTV network aired a television show entitled *MTV's Beavis and Butthead,* which featured two animated characters that resembled Kodadek's alleged 1991 drawings. The program gave creative credit to defendant Mike Judge. After Kodadek learned of the program, he drew new sketches of Beavis and Butthead ("1993 drawings") from his memory of the 1991 drawings.

In 1995, Kodadek applied for and obtained a certificate of registration from the United States Copyright Office. He attempted to

comply with the registration deposit requirement of 17 U.S.C. § 408(b)(1) by depositing with the Copyright Office two of the 1993 drawings. In a portion of the Certificate of Registration entitled "YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED," Kodadek inserted "1991."

Kodadek filed a complaint with the district court alleging copyright infringement and unfair competition[1] in February, 1996. The complaint did not contain a demand for a jury trial. In August, 1996, Kodadek moved for leave to file an amended complaint containing a jury demand. The district court denied the motion, ruling that he was not entitled to file a late jury demand because the failure to make a timely jury demand was due solely to the inadvertence of his lawyer.

The district court granted summary judgment in favor of defendants. Kodadek appeals. We review a grant of summary judgment de novo. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir.1997).

## II.

■ "[N]o action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made...." 17 U.S.C. § 411(a). Copyright registration is not a prerequisite to a valid copyright, but it is a prerequisite to a suit based on a copyright. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 (9th Cir. 1989).

In order to obtain a copyright registration, an applicant must deposit as a part of his application a "copy" or "copies" of the work. 17 U.S.C. § 408(b)(1) and (2). We have stated that the registration deposit requirement permits "bona fide copies of the original work only...." *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1322 (9th Cir.1986). We have not expressly defined the characteristics of "bona fide copies," but have distinguished them from "reconstructions." *Id.*

In *Seiler*, Lee Seiler allegedly created and published science fiction creatures called Garthian Striders in 1976 and 1977. *Id.* at 1317. In 1980, George Lucas released the movie *The Empire Strikes Back. Id.* It contained battle scenes that featured giant machines called Imperial Walkers. *Id.* at 1317–18. In 1981, in an effort to obtain a copyright registration, Seiler deposited with the Copyright Office not his original drawings, but later drawings depicting his Garthian Striders as they had allegedly appeared in 1976 and 1977.[2] *Id.* at 1318. Seiler then brought a copyright infringement claim, contending that the Imperial Walkers were copied from his Garthian Striders. *Id.* at 1317–18.

The district court held an evidentiary hearing regarding the admissibility of the later drawings, or "reconstructions." *Id.* at 1318. The court applied the Best Evidence Rule and found that Seiler lost or destroyed his original drawings in bad faith under Fed. R.Evid. 1004(1). *Id.* Thus, the admission of secondary evidence, such as the reconstructions that he deposited with the Copyright Office, were inadmissible to prove the content of the original drawings. *Id.* The district court then granted summary judgment in favor of Lucasfilm, Ltd. *Id.*

This court affirmed, upholding the district court's application of the Best Evidence Rule. *Id.* at 1318–20. In addition, we held that 17 U.S.C. § 410(c), which makes a "certificate of registration ... prima facie evidence of the validity of the copyright and of the facts stated in the certificate," did not apply. *Id.* at 1321–22. We so held for two independent reasons. *Id.*

First, we held that any statements in the certificate pertained not to the originals on which his copyright claim was based, but to the attached work. Attached were reconstructions. Thus, evidence from the certificate was irrelevant unless Seiler could prove that the reconstructions were "virtually identical" to his originals, which he could not do. Kodadek urges that this holding mandates that he be given an opportunity to prove that his 1993 drawings are "virtually identical" to his 1991 drawings. He contends that the district court should have heard eyewitness testimony concerning the issue, and thus,

---

1. The unfair competition claim is based on purported violations of California Business & Professions Code § 17200 et seq.

2. It is unclear in the opinion exactly when Seiler made the later drawings.

summary judgment was improperly granted. Kodadek's argument neglects the second independent reason that § 410(c) was inapplicable in *Seiler*. Kodadek's witnesses may have been able to establish that drawings were virtually identical, thus making the evidence contained in the certificate relevant, but, as we will explain, Kodadek never had a valid certificate to begin with.

Second, we held that:

The Copyright Act does not contemplate the copyrighting of a now non-existent original on the basis of a tendered reconstruction. Section 408 specifies the types of material that must be deposited along with an application for a certificate. The permissible materials include bona fide copies of the original work only; there is no mention of "reconstructions." If it were otherwise, the possibilities for fraud would be limitless.

*Id.* at 1322. The court found that § 410(c) was not applicable because Seiler did not properly obtain a copyright registration covering his original drawings. Thus, Seiler's certificate of registration was not prima facie evidence of a valid copyright.

■ Here, Kodadek asserts that he was so familiar with his 1991 drawings that he was able to draw virtually identical copies of them two years later from memory. While it may be possible for an artist to accurately reproduce his or her previous work from memory, for the purpose of certainty in obtaining copyright registration, such reproductions are simply insufficient. Again, *Seiler* held that § 408 permits the deposit of "bona fide copies of the original work only." *Id.* This means that any "copy" deposited as part of an application for a certificate of copyright registration must be virtually identical to the original and must have been produced by directly referring to the original. Once a bona fide copy is made in this manner, subsequent copies can be made by directly referring to that copy. For example, a photocopy or other electronic means of reproduction of an original drawing could suffice. Similarly, an accurate trace of an original drawing could suffice. In fact, a meticulous freehand redrawing of an original, made while the artist referred directly to the original, could suffice. Here, Kodadek's 1993 drawings were made from his memory of the 1991

drawings. They were not made by directly referring to the originals or bona fide copies of the originals. We hold that the 1993 drawings are merely "reconstructions" and not appropriate "copies" of the 1991 drawings for purposes of obtaining a valid certificate of copyright registration. Thus, Kodadek did not properly receive a copyright registration in the 1991 drawings and his infringement action is foreclosed.

### III.

Kodadek's complaint alleged unfair competition in violation of California Business and Professions Code § 17200 et seq. The district court granted summary judgment on the unfair competition claim on the merits and because it was preempted. We hold that the claim is preempted by the federal Copyright Act and need not reach the merits.

■ A state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. 17 U.S.C. § 301(a); 1 Nimmer, § 1.01[B] at 1–11. Second, the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103. *Id.*

■ Unfair competition law in California prohibits any "unlawful, unfair or fraudulent business practice." *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 101 Cal.Rptr. 745, 496 P.2d 817 (1972); *see* 11 Witkin, § 95 at 774–81 (1990). Thus, we must first examine the nature of Kodadek's unfair competition claim to discern what rights Kodadek seeks to enforce with state law.

■ Kodadek's complaint alleges that defendants "have been publishing and placing on the market for sale products bearing the images subject to the copyright ownership of the plaintiff and has thereby been engaging in unfair trade practices and unfair competition against plaintiffs [sic] and to plaintiffs' [sic] irreparable damage." The unfair competition claim incorporates by reference paragraphs from the copyright infringement claim. The paragraphs of consequence state that defendants released a cartoon derived

from his drawings without his authorization and released merchandise derived from his drawings without his authorization.

Kodadek's complaint expressly bases his unfair competition claim on rights granted by the Copyright Act. The Copyright Act grants rights "to reproduce the copyrighted work in copies," "to prepare derivative works based upon the copyrighted work," "to distribute copies . . . to the public," and "to display the copyrighted work publicly." 17 U.S.C. § 106, *Del Madera Properties v. Rhodes and Gardner, Inc.,* 820 F.2d 973, 977 (9th Cir. 1987) (overruled on other grounds). Thus, it is clear that Kodadek's state law unfair competition claim is based solely on rights equivalent to those protected by the federal copyright laws.

Kodadek seeks to protect his 1991 drawings. It is undisputed that these drawings are "pictorial works" that can be copyrighted. 17 U.S.C. § 102(a)(5). Thus, the work that he seeks to protect is clearly a work that falls within the "subject matter" of the Copyright Act.

Thus, both prongs of the preemption analysis are met, and Kodadek's unfair competition claim is preempted. *See* 1 Nimmer, § 1.01[B][1][e] at 1–24, n. 110 (stating that if B is selling B's products and representing to the public that they are B's products, a claim by A that B's products replicate A's is a disguised copyright infringement claim and is preempted); *see also Xerox Corp. v. Apple Computer, Inc.,* 734 F.Supp. 1542, 1550–51 (N.D.Cal.1990).

## IV.

Accordingly, we uphold the district court's grant of summary judgment in favor of defendants. Because summary judgment was appropriate, we need not address Kodadek's argument that the district court erred by denying his motion·to amend his complaint to add a request for a jury trial.

AFFIRMED.