Phil STERN, Plaintiff—Appellee,

v.

Nancy SINATRA, individually, dba SinatraFamily.Com, dba FrankSinatra.Com, dba NancySinatra.Com; et al., Defendants—Appellants.

Phil Stern, Plaintiff—Appellant,

v.

Nancy Sinatra, individually, dba SinatraFamily.Com, dba FrankSinatra.Com, dba NancySinatra.Com; et al., Defendants—Appellees.

Nos. 02–57120, 02–57173.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided May 19, 2004.

Surjit P. Soni, Esq., Mark D. Nielsen, Esq., Soni Law Firm, Pasadena, CA, for Plaintiff–Appellee.

Jonathan J. Panzer, Esq., Berkowitz, Black & Zolke, Jonathan J. Panzer, Esq., Gipson Hoffman & Pancione, Los Angeles, CA, for Defendant–Appellant.

Before BROWNING, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Nancy Sinatra and her associated businesses (collectively, "Sinatra") jointly ap-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

peal the district court's decision not to award them attorneys' fees after granting their summary judgment motion. Phil Stern cross-appeals the district court's decision to award summary judgment in Sinatra's favor. The district court found that Stern did not possess a valid copyright in the photograph "F.S. in Corridor Walking Away" at the time he initiated this copyright infringement action, but it declined to award attorneys' fees in Sinatra's favor. We have jurisdiction, and we affirm.

It is undisputed that Stern took the photograph in 1954 or 1955, and that the photograph appeared in *Look* magazine in 1957 with a credit to "Phil Stern, Globe." There is no evidence permitting a reasonable inference that the publication in *Look* was unauthorized. As Stern testified under oath, "this is authorized by Globe Photos, which is automatically authorized by me since I made them my agent and they would sell my—what I would call my file photos." Stern's twenty-eight year statutory copyright term under the 1909 Copyright Act began to run from the time of the 1957 publication in *Look* and persisted until 1985, when Stern failed to renew it. At that time the photograph fell into the public domain. *See Urantia Found. v. Maaherra,* 114 F.3d 955, 960 (9th Cir. 1997). Stern's inclusion of the photograph in a 1996 copyright registration for "Frank Sinatra Images" did not alter this photograph's public domain status. *See Cooling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc.,* 777 F.2d 485, 490 (9th Cir.1985), *overruling on other grounds recognized by Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1448 (9th Cir.1994).

Without a valid copyright in the photograph, Stern's additional claims against Sinatra for unjust enrichment and violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1203, failed as a matter of law. *See Del Madera Props. v. Rhodes & Gardner, Inc.,* 820 F.2d 973, 977 (9th Cir.1987), *overruling on other grounds recognized by Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1213 (9th Cir.1998).

Accordingly, as the district court concluded, summary judgment for Sinatra was appropriate. Nor can we say that the district court abused its discretion in denying Sinatra's request for attorneys' fees. *Fantasy Inc. v. Fogerty,* 94 F.3d 553, 556 (9th Cir.1996).

AFFIRMED.