

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2005

# Gallup Inc v. Kenexa Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4368

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gallup Inc v. Kenexa Corp" (2005). *2005 Decisions.* Paper 529.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/529

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4368

GALLUP, INC.,
d/b/a The Gallup Organization,

Appellant

v.

KENEXA CORPORATION

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

District Court No. 00-cv-05523
District Court Judge: The Honorable Lawrence F. Stengel

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2005

Before: ALITO, VAN ANTWERPEN, and ALDISERT, Circuit Judges

(Opinion Filed:   September 19, 2005)

OPINION OF THE COURT

PER CURIAM:

Gallup, Inc. ("Gallup") appeals from a final order of the District Court awarding

summary judgment to Kenexa Corporation ("Kenexa") on Gallup's claim for copyright

infringement. Gallup argues that the District Court erred in declaring its copyright

registration invalid and incapable of supporting an action for infringement. For the

reasons set forth below, we agree with Gallup, and we vacate the District Court's order.

I.

An award of summary judgment receives plenary review. See In re Ikon Office

Solutions, Inc., 277 F.3d 658, 665 (3d Cir. 2002). A motion for summary judgment

should be granted "if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(c). In applying this test, the Court must draw all reasonable

inferences from the evidence in favor of the nonmoving party and may not weigh the

evidence or assess credibility. See Country Floors, Inc. v. A P'ship Composed of Gepner

& Ford, 930 F.2d 1056, 1061-62 (3d Cir. 1991).

II.

The parties dispute which version of the survey Gallup intended to register, but

this issue is a red herring. Under 17 U.S.C. § 408(b)(2), "the material deposited for

registration shall include . . . two complete copies or phonorecords of the best edition."

The words "material deposited for registration" indicate that the registration attaches to

the material deposited, provided of course that the remaining statutory requirements for

registration are satisfied. The Copyright Act imposes no intent requirement, and we are unaware of any authority that has read one into it. Such a requirement would be inconsistent with the formalistic nature of the registration process and the forgiveness courts have traditionally shown toward erroneous applications. See, e.g., Masquerade Novelty, Inc. v. Unique Indus., Inc., 912 F.2d 663, 667-68 & n.5 (3d Cir. 1990); Nadel & Sons Toy Corp. v. William Shaland Corp., 657 F. Supp. 133, 136 (S.D.N.Y. 1987); 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright §§ 7.20[B], 7.21[A] (2005).

Gallup clearly satisfied the deposit requirement under these standards. For purposes of this appeal, it is undisputed that Gallup owned a valid copyright in the 1998 version of the survey. It is also undisputed that Gallup deposited two copies of the 1998 version as part of its application for registration. Under the plain language of 17 U.S.C. § 408(b)(2), Gallup satisfied the deposit requirement for any copyright it owned in that version. The effectiveness of this deposit would not be vitiated even if Kenexa could show that Gallup had intended to deposit some other work instead.

Because Gallup is seeking to enforce a copyright in the same work that it deposited, this case bears little resemblance to the authorities cited by Kenexa. See Coles v. Wonder, 283 F.3d 798 (6th Cir. 2002); Geoscan, Inc. of Tex. v. Geotrace Techs., Inc., 226 F.3d 387 (2d Cir. 2000); Kodadek v. MTV Networks, Inc., 152 F.3d 1209 (9th Cir. 1998). In each of those cases, the plaintiff was trying to enforce a copyright in work X

3

but had deposited a copy of work Y. Work Y was either a reconstruction of work X, see Coles, 283 F.3d at 802; Kodadek, 152 F.3d at 1212, or a later version of work X, see Geoscan, 226 F.3d at 393. The Court in each case held that the plaintiff's registration could not support an infringement action because the work deposited was not a "bona fide" copy of the work in which the copyright was claimed. See, e.g., Kodadek, 152 F.3d at 1211. These cases cannot guide our decision because Gallup, unlike the plaintiffs there, deposited the same work that it now claims was infringed.

The facts of this case more closely resemble those of Dynamic Solutions, Inc. v. Planning & Control, Inc., 646 F. Supp. 1329 (S.D.N.Y. 1986). The plaintiff there had deposited the 1986 versions of two software programs, but its application averred that they were created and published in 1983 and 1984. The Court found this discrepancy irrelevant to whether the deposit requirement was satisfied. See id. at 1341. According to the Court, the relevant fact was that the plaintiffs had deposited "the versions of the programs which defendants were 'caught' using in 1986 and which it asserts were infringed." Id. at 1342. In other words, the deposit could support the action for infringement because the plaintiff had deposited the very work on which the litigation was based.

Because Gallup deposited two copies of the 1998 version of the survey with the Copyright Office, it satisfied the deposit requirement for a registered copyright in that version. It does not follow, however, that Gallup's registration was valid. Under 17

4

U.S.C. § 408(a), the registrant must furnish an application and a fee along with the deposit. Kenexa argues that misrepresentations in Gallup's application invalidate the registration and afford an alternative ground for affirmance.

This Court has held that an otherwise valid registration is not jeopardized by inadvertent, immaterial errors in an application. See Raquel v. Educ. Mgmt. Corp., 196 F.3d 171, 177 (3d Cir. 1999), cert. granted and judgment vacated on other grounds, 531 U.S. 952 (2000). A misstatement is material if it "might have influenced the Copyright Office's decision to issue the registration." Raquel, 196 F.3d at 177. Significantly, the Register reviews applications only to determine whether "the material deposited constitutes copyrightable subject matter and [whether] the other legal and formal requirements . . . have been met." 17 U.S.C. § 410(a); see also 2 Nimmer & Nimmer, supra, § 7.21[A]. In practice, therefore, a misrepresentation is likely to affect the Register's decision only if it concerns the copyrightability of the work. E.g., Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 456 (2d Cir. 1989).

The misrepresentations in Gallup's application were plainly immaterial under these standards. The survey would have been copyrightable regardless of when it was created and published, and a certificate of registration would have issued in either case. Indeed, a certificate did issue after Gallup filed an application for supplementary registration correcting its initial application. Kenexa's insinuation that the supplementary registration might have been denied had the Register examined the application more closely, see

5

Kenexa's Br. at 37-38, is baseless.

Although we are troubled by the possibility that Gallup's misrepresentations may have been intentional, it is not clear that even knowing misrepresentations can void a copyright registration where the Register has not relied on them. Kenexa concedes that "[t]he standard for invalidating a copyright registration in this Circuit is the 'knowing failure to advise the Copyright Office of facts which might have led to the rejection of a registration application.'" Kenexa's Br. at 25 (quoting Masquerade Novelty, 912 F.2d at 667) (our emphasis); see also Eckes v. Card Prices Update, 736 F.2d 859, 861-62 (2d Cir. 1984) (indicating that the registrant must have omitted "facts which might have occasioned a rejection of the application" (internal quotation marks omitted)). For the reasons given above, the Register undoubtedly would have issued the certificate whether or not Gallup had misrepresented the dates of creation and publication. Gallup's misrepresentations thus could not have voided its registration even if they were knowingly made.

III.

After careful consideration of the parties' submissions, we conclude that Gallup satisfied the deposit requirement for a registered copyright in the 1998 version of the survey when it deposited a copy of that version with the Copyright Office. We further conclude that Gallup's misrepresentations in its application did not invalidate its registration. The order of the District Court awarding summary judgment to Kenexa is

6

vacated, and this matter is remanded to the District Court for further proceedings.