FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTORIA RYAN, | No. 06-17364 |
| Plaintiff - Appellant, | D.C. No. CV-06-04812-PVT |
| v. | |
| EDITIONS LIMITED WEST, INC., a California corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| VICTORIA RYAN, | No. 09-16287 |
| Plaintiff - Appellant, | D.C. No. 5:06-cv-04812-PVT |
| v. | |
| EDITIONS LIMITED WEST, INC., a California corporation and ARTSELECT, INC., a Delaware corporation, | |
| Defendants - Appellees, | |
| and | |
| ENVIRONMENTAL GRAPHICS, INC., a Minnesota corporation; et al., | |

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants.

Appeal from the United States District Court
for the Northern District of California
Patricia V. Trumbull, Magistrate Judge, Presiding

Argued and Submitted February 15, 2011
San Francisco, California

Before: NOONAN, O'SCANNLAIN, and TROTT, Circuit Judges.

Victoria Ryan, a visual artist, appeals the district court's grant of summary judgment in favor of defendant Editions Limited West ("ELW") on her claims for (1) contributory and vicarious copyright infringement, (2) breach of contract, (3) unfair competition, and (4) slander of title. She also challenges various discovery-related rulings and the denial of her anti-SLAPP motion to strike ELW's counterclaim for defamation.

We review the district court's grant of summary judgment de novo, drawing all inferences in favor of the nonmoving party. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1167 (9th Cir. 2007). We review the district court's decision to deny discovery for abuse of discretion. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

First, Ryan argues that ELW is liable for copyright infringement based on ELW's licence to ArtSelect to make unauthorized reproductions of Ryan's original

2

pastels. At the time ArtSelect made its unauthorized reproduction of *Primavera I*, both elements of contributory copyright infringement were present. *See Perfect 10, Inc. v. Visa Int'l Service Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007). ELW knew that ArtSelect was producing and selling unauthorized canvas transfers of Ryan's works. ELW contributed to ArtSelect's direct copyright infringement by granting permission to ArtSelect to make canvas transfers and selling ArtSelect the poster it used to create the canvas transfer. Ryan also presented evidence of the elements of vicarious copyright infringement. *See Metro Goldwyn-Mayer Studios*, *Inc. v. Grokster*, *Ltd.*, 545 U.S. 913, 930 (2005). ELW's CEO, Michael Jakola, stated in a declaration that ELW sold ArtSelect the poster of *Primavera I* that it used to make the infringing canvas transfer. At the time of the poster sale, ArtSelect had explicit authorization from ELW to use the poster to produce a canvas transfer. ELW did not exercise its right to stop ArtSelect from copying the poster. Insofar as the district court found that Ryan could not prove damages, we note that ArtSelect's profits from the infringement were at least partially caused by ELW's unauthorized license of Ryan's works. *See Mackie v. Rieser*, 296 F.3d 909, 911 (9th Cir. 2002). Accordingly, Ryan raised a triable issue as to whether she is entitled to judgment against ELW for copyright infringement.

Second, Ryan challenges the district court's grant of summary judgment on her breach of contract claim. The district court properly found that Ryan did not adduce any evidence of damages proximately caused by ELW's breach of contract.

Third, Ryan challenges the district court's ruling that the Copyright Act preempts Ryan's unfair competition claim against ELW. The Copyright Act expressly preempts related state law claims based exclusively on rights protected under the Act. *See Kodadek v. MTV Networks*, *Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998). Ryan argues that some allegations in her complaint involve rights not protected under the Act; however, the allegations to which she points involve the encouragement or inducement of copyright infringement, which is an element of the federal contributory copyright infringement claim. *See A&M Records*, *Inc. v. Napster*, *Inc.*, 239 F.3d 1004, 1019 (9th Cir. 2000). The Copyright Act therefore preempts Ryan's unfair competition claim.

Fourth, Ryan challenges the district court's grant of summary judgement on her slander of title claim. The district court correctly determined that Ryan did not adduce any evidence that she incurred attorneys' fees in clearing her title or suffered any other pecuniary loss resulting from slander of title. *See Appel v. Burman*, 206 Cal. Rptr. 259, 262-63 (Ct. App. 1984). Therefore, we reject Ryan's challenge.

4

Ryan also challenges the district court's denial of her motion to compel further written discovery responses and its denial of Ryan's requests for extensions of the deadline to file motions to compel discovery and the discovery cutoff deadline. The district court did not abuse its broad discretion in managing discovery when it denied these discovery-related motions. *See Hallett*, 296 F.3d at 751.

Ryan argues that the district court improperly denied her request for a permanent injunction against ELW and improperly determined that she was not the prevailing party under her contract with ELW. If the district court finds ELW liable for contributory or vicarious copyright infringement, it should reconsider whether Ryan is the prevailing party under the broad language of the contract, and whether she is entitled to a permanent injunction against ELW. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations.").

Ryan challenges the district court's denial of her anti-SLAPP motion to strike ELW's counterclaim. Under the collateral order doctrine, we have jurisdiction to review the denial of an anti-SLAPP motion to strike brought under California law. *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003). The district

5

court did not abuse its discretion by denying Ryan's anti-SLAPP motion in order to permit ELW to conduct discovery essential to its opposition. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).

We AFFIRM the district court's denial of Ryan's anti-SLAPP motion, REVERSE the district court's grant of summary judgment on Ryan's vicarious and contributory liability claims against ELW and REMAND for further proceedings consistent with this disposition. Each party shall bear its own costs on appeal.