**ATPAC, INC., a California corporation, Plaintiff,**

v.

**APTITUDE SOLUTIONS, INC., a Florida corporation, County of Nevada, a California County, and Gregory J. Diaz, an individual, Defendants.**

No. CIV. 2:10–294 WBS JFM.

United States District Court, E.D. California.

April 12, 2011.

Michael John Thomas, Michael Aaron Schaps, William Ross Warne, Downey Brand LLP, Sacramento, CA, for Plaintiff.

Caroline Hoadley Mankey, Robert James Muller, Cypress LLP, Los Angeles, CA, Nabil L. Abu–Assal, Christensen Miller Fink Jacobs Glaser Weil & Shapiro LLP, Los Angeles, CA, for Defendants.

## MEMORANDUM AND ORDER RE: MOTION FOR PARTIAL SUMMARY JUDGMENT

WILLIAM B. SHUBB, District Judge.

Plaintiff AtPac, Inc., filed this action against defendants Aptitude Solutions, Inc. ("Aptitude"), County of Nevada, and Gregory J. Diaz alleging breach of contract, misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ.Code §§ 3426–3426.11, and copyright infringement. Ap-

titude now moves for summary judgment on the misappropriation of trade secrets claim pursuant to Federal Rule of Civil Procedure 56(a) on the ground that it is preempted by the copyright infringement claim.

## I. *Evidentiary Objections*

■ "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2). "[T]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Fraser v. Goodale,* 342 F.3d 1032, 1036–37 (9th Cir. 2003) (quoting *Block v. City of Los Angeles,* 253 F.3d 410, 418–19 (9th Cir.2001)) (internal quotation marks omitted). Even if the non-moving party's evidence is presented in a form that is currently inadmissible, such evidence may be evaluated on a motion for summary judgment so long as the moving party's objections could be cured at trial. *See Burch v. Regents of the Univ. of Cal.,* 433 F.Supp.2d 1110, 1119–20 (E.D.Cal.2006).

Aptitude has filed numerous evidentiary objections to evidence submitted by plaintiff in opposition to the instant motion. (Docket Nos. 125–130.)

■ Aptitude argues in particular that certain portions of plaintiff's declarations and exhibits should be excluded from consideration by the "sham affidavit rule." "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."[1] *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991). This is because "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Id.* (quoting *Foster v. Arcata Assocs., Inc.,* 772 F.2d 1453, 1462 (9th Cir. 1985)) (internal quotation marks omitted).

■ The sham affidavit rule may be invoked only if a district court makes "a factual determination that the contradiction was actually a sham" and "the inconsistency between a party's deposition testimony [or interrogatory response] and subsequent affidavit ... [is] clear and unambiguous." *Van Asdale v. Int'l Game Tech.,* 577 F.3d 989, 998 (9th Cir.2009) (internal quotations marks and citations omitted). Accordingly, "the non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition; minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit." *Messick v. Horizon Indus., Inc.,* 62 F.3d 1227, 1231 (9th Cir.1995).

■ Aptitude contends that all references to plaintiff's Supplemental Response to Interrogatories Nos. 1 and 2[2] ought to be stricken as shams. Plaintiff filed supplemental responses to interrogatories re-

---

1. The sham affidavit rule applies to other types of sworn evidence as well. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.,* 397 F.3d 1217, 1225 (9th Cir.2005) (corrections to depositions); *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1264 (9th Cir.1993) (interrogatories).

2. The specific objections are objections 1 and 2 to the Sandblade Declaration (Docket No. 128) and objections 1 to 4 and 6 to the Thomas Declaration (Docket No. 125).

garding its trade secret and copyright claims after the instant motion was filed, providing more information than had previously been given and fully distinguishing for the first time between what it considered to be a trade secret and what it considered to be covered by copyright law. However, Aptitude has not shown that the supplemental responses are inconsistent with plaintiff's prior testimony, as opposed to merely expanding on it. The court cannot find that the supplemental responses were a "sham," and thus the court overrules those objections based on that ground.

In the interest of brevity, the court will not review the substance or grounds of all the objections here, as the parties are aware of the substance of the objections and the grounds asserted in support of each objection. For the purposes of this motion, Aptitude's objections 1 to 6 to the Thomas Declaration, objections 1 and 2 to the Sandblade Declaration, and objection 15 to the Long Declaration are sustained pursuant to Federal Rule of Evidence 1002 (best evidence rule). Aptitude's objection 3 to the Krugle Declaration, objections 4, 10, 14, 18, and 19 to the Sandblade Declaration, and objection 14 to the Long Declaration are sustained on the ground that the evidence contains legal conclusions. The rest are overruled.

## II. *Factual and Procedural Background*

▆▆▆ Plaintiff is a software company that develops and licenses computer software, including county clerk-recorder information imaging systems. (Long Decl. ¶ 2 (Docket No. 106).) These systems are designed to, *inter alia*, electronically cashier, record, track, and query information that is within the purview of a county clerk-recorder and to store images of relevant documents associated with this information. (*Id.* ¶ 4.) Plaintiff's clerk-recorder imaging information software is distributed under the mark "CRiis," which stands for "Clerk–Recorder Imaging Information System." (*Id.* ¶ 3.) Plaintiff has secured two copyright registrations with the United States Copyright Office for its CRiis software. (Thomas Decl. ¶ 14 (Docket No. 99).) To register its copyrights, plaintiff utilized the Copyright Office's special procedure designed to permit computer source code to be registered without destroying its potential trade secret status, wherein only a small fraction of the code is disclosed and yet the whole work of software is registered.[3] (*Id.; see* Pl.'s Req. for Judicial Notice Ex. A (Docket No. 111).)

In 1999, plaintiff entered into a License Agreement with Nevada County for the CRiis software and related services to help Nevada County electronically maintain, organize, and protect public information. (Long Decl. ¶ 9.) In November of 2008, Diaz, the Clerk–Recorder of Nevada County, notified plaintiff that Nevada County intended to terminate the License Agreement and obtain the services of Aptitude, one of plaintiff's competitors. (*Id.* ¶ 12.)

---

**3.** Plaintiff asks the court to take judicial notice of two documents: a document from the United States Copyright Office entitled "Copyright Registration for Computer Programs" and an indemnification agreement between Aptitude and Nevada County. The court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed.R.Evid. 201, which includes "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001). Both of these documents are matters of public record whose authenticity is not disputed, and the court will take judicial notice of them.

Plaintiff has brought claims for breach of contract against Nevada County and misappropriation of trade secrets and copyright infringement against all defendants arising from defendants' alleged mishandling of the conversion of Nevada County's data from CRiis to Aptitude's software.[4] (First Am. Compl. (Docket No. 22).) The items relevant to plaintiff's copyright infringement claim include thousands of computer files that comprise the CRiis software and CRiis graphical user interfaces. (Thomas Decl. ¶ 2, Ex. A.) The items relevant to plaintiff's misappropriation of trade secrets claim include, in brief, the CRiis computer source code, the confidential means of accessing the servers housing plaintiff's software package, the CRiis data schema, data files, methods, processes, and functionalities. (*Id.* ¶ 3, Ex. A.)

Plaintiff takes several steps to maintain the confidentiality of its alleged trade secrets, including requiring its employees to keep information confidential, requiring licensees to keep information confidential and remove its materials upon expiration of a license, providing a notice of its intellectual property and trade secret rights each time licensees use the CRiis software and requiring them to agree to comply with the license requirements, restricting CRiis login accounts, serving as system administrator of all servers where CRiis software and other trade secrets are kept, restricting access to CRiis source code and data schema to its employees who need it, limiting public search functionality, locating source code behind firewalls, and restricting access to its primary development

server. (Sandblade Decl. ¶ 5 (Docket No. 107).)

## III. *Discussion*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).[5] A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Alternatively, the moving party can demonstrate that the non-moving party cannot produce evidence to support an essential element upon which it will bear the burden of proof at trial. *Id.* Once the moving party meets its initial burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting then-Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the

---

**4.** Plaintiff's fourth claim, under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, was dismissed by the court on August 4, 2010, 730 F.Supp.2d 1174 (E.D.Cal.2010). (Docket No. 30.)

**5.** Federal Rule of Civil Procedure 56 was revised and rearranged effective December 1, 2010. However, as stated in the Advisory Committee Notes to the 2010 Amendments to Rule 56, "[t]he standard for granting summary judgment remains unchanged."

jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

In deciding a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255, 106 S.Ct. 2505. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge … ruling on a motion for summary judgment …." *Id.*

■ The Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). Preemption of state law claims occurs when: (1) the work at issue comes within the subject matter of the Copyright Act; *and* (2) the rights granted under state law are equivalent to those protected by the Act. *See id.; Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir.1998); *Valente–Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir.1989); *Del Madera Prop. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir.1987), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). If either of these prongs is not satisfied, the state law claim is not preempted. 17 U.S.C. § 301(a).

The first prong of the test is satisfied whenever the work at issue comes within the subject matter of copyright as defined by 17 U.S.C. §§ 102 and 103. The "subject matter" of copyright includes "original works of authorship fixed in any tangible medium of expression." *Id.* § 102(a). It does not extend to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of

the form in which it is described, explained, illustrated, or embodied in such work." *Id.* § 102(b).

■ Computer programs are entitled to copyright protection as "literary works." 17 U.S.C. § 102(a); *Firoozye v. Earthlink Network*, 153 F.Supp.2d 1115, 1124–25 (N.D.Cal.2001). Protection under the Copyright Act extends to both "literal" and "non-literal" components of computer software. *Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1175 (9th Cir.1989). Literal components include source codes and object codes and non-literal components include the software's structure, organization, and user interface. *Id.* However, elements of computer programs which constitute ideas, processes, or methods of operation are not protected by copyright law. *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1444 (9th Cir.1994). Whether a particular component of a computer program is protected by a copyright depends on whether it qualifies as an "expression" of an idea rather than the idea itself. *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); *see Johnson*, 886 F.2d at 1175.

■ Plaintiff describes its trade secrets as including the CRiis source code as well as the confidential means of accessing the servers housing plaintiff's software package, the CRiis data schema, data files, methods, processes, and functionalities. (Thomas Decl. Ex. A.) While the CRiis source code falls under the "subject matter" of the Copyright Act, plaintiff's other alleged trade secrets are not within the subject matter of copyright law, so any claim involving those components cannot be preempted.[6]

■ The second prong of the preemption test is satisfied whenever the

---

**6.** Preemption analysis merely asks whether the state law right as alleged falls "within the subject matter of copyright," not whether it states a viable claim under the state law. 17

rights protected by state law are equivalent to those protected by the Copyright Act. In order to avoid preemption, "the state cause of action must protect rights which are qualitatively different from the copyright rights," *Del Madera Props.*, 820 F.2d at 977, and the "state claim must have an extra element which changes the nature of the action." *Id.* (internal quotation marks omitted). A court "should not rely merely on a laundry list of the alleged elements of the state law claims at issue, such that the mere *possibility* of an extra element protects a claim from preemption." *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1190 (C.D.Cal.2001) (internal quotation marks omitted). Rather, the court must "engage in a fact-specific inquiry into the *actual* allegations underlying the claims at issue in the case, so as to determine whether the gravamen of the state law claim asserted is the same as the rights protected by the Copyright Act." *Id.* The court considers whether the state law claims *as asserted* are equivalent to a federal copyright claim. *Id.*

"The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display." *Altera Corp. v.*

U.S.C. § 301(a). Thus, the court does not decide the merits of plaintiff's misappropriation claim involving the alleged trade secrets. *See Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1004 (9th Cir.2001) (holding that the plaintiffs' misappropriation claim was not preempted by the Copyright Act by looking to whether the claim fell within subject matter of copyright, rather than whether the evidence was sufficient for a misappropriation claim); *Brookhaven Typesetting Servs., Inc. v. Adobe Sys., Inc.*, No. C–01–20813, 2007 WL 2429653, at *9 (N.D.Cal. Aug. 24, 2007) (considering allegations, not evidence, to find on summary judgment that state law claims were not preempted).

An analysis of whether plaintiff could succeed on a trade secret claim is thus unneces-

*Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir.2005) (citing 17 U.S.C. § 106). In contrast, "[a]ctions for disclosure and exploitation of trade secrets require a status of secrecy not required for copyright and hence, are not pre-empted. This conclusion follows whether or not the material subject to the trade secret is itself copyrightable." 1 Nimmer on Copyright § 1.01[B][1][h], at 1–53 (2010). Under California law, information must derive its economic value "from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use" and must be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy" to qualify for trade secret protection. Cal. Civ.Code § 3426.1(d).

■■■ Plaintiff's misappropriation of trade secrets claim contains an extra element—that CRiis and the surrounding ideas and processes qualify as trade *secrets* under section 3426.1—that makes the claim qualitatively different from a copyright infringement action. *See Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 660 (4th Cir.1993) ("We agree with the Second Circuit that the breach of a duty of trust or confidentiality comprises the core of actions for trade secret misappropria-

sary at this stage. Indeed, Aptitude emphasized at oral argument that the instant motion only dealt with preemption and not with the merits of any of plaintiff's claims. However, the court notes Aptitude's repeated citation to *Silvaco Data Systems v. Intel Corp.*, 184 Cal. App.4th 210, 109 Cal.Rptr.3d 27 (6th Dist. 2010). That case found that "features, functions, and characteristics of the design and operation of [plaintiff's] software products" did not constitute trade secrets because the plaintiff did not keep them secret. *Id.* at 221–22, 109 Cal.Rptr.3d 27. Here, plaintiff argues that it protects as secrets not only its source code but also the finished product and processes, so *Silvaco* might not be controlling when the merits of the trade secret claim are considered.

tion, and 'supplies the extra element that qualitatively distinguishes such trade secret causes of action from claims for copyright infringement that are based solely upon copying.'" (quoting *Computer Assocs. Int'l, Inc. v. Altai, Inc.,* 982 F.2d 693, 717 (2d Cir.1992))); *S.O.S., Inc. v. Payday, Inc.,* 886 F.2d 1081, 1090 n. 13 (9th Cir. 1989) ("Since the California statute pleaded in this case [section 3426.1] does not involve a legal or equitable right equivalent to an exclusive right of a copyright owner under the Copyright Act, but only prohibits certain means of obtaining confidential information, its application here would not conflict with federal copyright law."); *see also Firoozye,* 153 F.Supp.2d at 1130–31 (Copyright Act does not preempt CUTSA claim because that claim contained an extra element, namely, that plaintiff's computer program qualified as a trade secret).

Accordingly, the court finds that plaintiff's claim for misappropriation of trade secrets is not preempted by its copyright infringement claim.

IT IS THEREFORE ORDERED that Aptitude's motion for partial summary judgment be, and the same hereby is, DENIED.