**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| BRYAN PRINGLE, an individual, | No. 12-55998 |
| Plaintiff - Appellant, | D.C. No. 8:10-cv-01656-JST-RZ |
| v. | |
| WILLIAM ADAMS, Jr., individually and collectively as the music group the Black Eyed Peas; STACY FERGUSON, individually and collectively as the music group the Black Eyed Peas; JAIME GOMEZ, individually and collectively as the music group the Black Eyed Peas; DAVID GUETTA; FREDERICK RIESTERER; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; EMI APRIL MUSIC, INC.; HEADPHONE JUNKIE PUBLISHING, LLC; WILL.I.AM MUSIC, LLC; JEEPNEY MUSIC, INC.; TAB MAGNETIC PUBLISHING; CHERRY RIVER MUSIC CO.; SQUARE RIVOLI PUBLISHING; RISTER EDITIONS; SHAPIRO BERNSTEIN & CO., INC.; ALLAN PINEDA, Individually and collectively as the music group the Black Eyed Peas, | MEMORANDUM[*] |
| Defendants - Appellees. | |

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BRYAN PRINGLE, an individual,

      Plaintiff - Appellee,

  v.

WILLIAM ADAMS, Jr., individually and collectively as the music group the Black Eyed Peas; STACY FERGUSON, individually and collectively as the music group the Black Eyed Peas; JAIME GOMEZ, individually and collectively as the music group the Black Eyed Peas; ALLAN PINEDA, Individually and collectively as the music group the Black Eyed Peas; DAVID GUETTA; FREDERICK RIESTERER; UMG RECORDINGS, INC.; INTERSCOPE RECORDS; EMI APRIL MUSIC, INC.; HEADPHONE JUNKIE PUBLISHING, LLC; WILL.I.AM MUSIC, LLC; JEEPNEY MUSIC, INC.; TAB MAGNETIC PUBLISHING; CHERRY RIVER MUSIC CO.; SHAPIRO BERNSTEIN & CO., INC.,

      Defendants - Appellants.

No. 12-56744

D.C. No. 8:10-cv-01656-JST-RZ

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 7, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District Judge.[**]

Bryan Pringle ("Plaintiff") appeals the district court's decision granting summary judgment to Defendants and its order of sanctions against Plaintiff under 28 U.S.C. § 1927. Defendants cross-appeal the district court's refusal to impose sanctions on Plaintiff and his counsel. We have jurisdiction under 28 U.S.C. § 1291.

Plaintiff brought this complaint alleging that Defendants violated the copyright of his song "Take a Dive" and its derivative. "Take a Dive" was properly registered for copyright in 1998. The evidence in support of Plaintiff, however, raises only the barest possibility that Defendants had access to "Take a Dive," and Plaintiff does not argue that there is a "striking similarity" between "Take a Dive" and Defendants' allegedly infringing work. *See Art Attacks Ink, LLC v. MGA Entm't, Inc.*, 581 F.3d 1138, 1143–45 (9th Cir. 2009) (holding that where there is no more than a bare possibility of access, summary judgment is appropriate); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000) (noting that if there is no evidence of access, infringement may be found only if the songs are "strikingly similar"). Further, Plaintiff's attempt to show a valid copyright in the derivative version of "Take a Dive" fails because the copy deposited with

[**] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

the U.S. Copyright Office was an impermissible reconstruction. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211–12 (9th Cir. 1998).

Additionally, the district court did not abuse its discretion in ordering sanctions against Plaintiff under § 1927 for improper service. *See Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010). Plaintiff's third attempt to serve Rister Editions through Shapiro Bernstein & Co. violated a court order, and the district court reasonably concluded it was "reckless[]" and that it "unreasonably and vexatiously multiplied the proceedings." Sanctions may be imposed for willful violation of a court order without a showing or finding of bad faith. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).

Defendants' cross-appeal is also unavailing. The district court reasonably concluded that it could not "identify any single piece of unassailable evidence . . . conclusively establishing that Pringle's claim was legally and factually baseless." *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002). The district court did not abuse its discretion in declining to impose Rule 11 sanctions against Plaintiff and his counsel.

We therefore **AFFIRM**.