**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VICTORIA RYAN,

*Plaintiff-Appellee/*
*Cross-Appellant*,

v.

EDITIONS LIMITED WEST, INC., a
California corporation; ARTSELECT,
INC.,

*Defendants-Appellants/*
*Cross-Appellees*.

Nos. 12-17810
13-15061

D.C. No.
5:06-CV-04812-
PSG

OPINION

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, United States Magistrate Judge, Presiding

Argued and Submitted
February 11, 2015—San Francisco, California

Filed May 19, 2015

Before: Michael Daly Hawkins, Richard A. Paez,
and Marsha S. Berzon, Circuit Judges.

Opinion by Judge Hawkins

# SUMMARY[*]

## Copyright

The panel affirmed in part and vacated in part the district court's judgment in a copyright case.

The plaintiff prevailed on a contributory copyright infringement claim against a publisher of her artwork, and the district court awarded her attorney fees pursuant to a fee-shifting provision contained in the parties' publishing contract.

Vacating in part, the panel held that the Copyright Act did not bar enforcement of a contractual attorney fees provision in this copyright-based litigation. Nonetheless, the district court abused its discretion by categorically excluding the majority of the plaintiff's requested fees without explanation. Affirming in part, the panel held that the district court did not abuse its discretion in denying the plaintiff's motion for sanctions based on the defendant's alleged spoliation of evidence. The district court did not abuse its discretion in interpreting the mandate from a prior appeal to exclude damages from the issues at trial. The district court also did not abuse its discretion in denying the plaintiff's motion for leave to amend.

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Michael A. Painter (argued), Isaacman, Kaufman & Painter, P.C., Los Angeles, California, for Defendants-Appellants/Cross-Appellees.

Richard A. De Liberty (argued), Santa Rosa, California, for Plaintiff-Appellee/Cross-Appellant.

## OPINION

HAWKINS, Circuit Judge:

After many years of litigation and several appeals to the Ninth Circuit, artist Victoria Ryan prevailed on a contributory copyright infringement claim against a publisher of her artwork, Editions Limited West, Inc. ("ELW"). The district court awarded Ryan attorney fees pursuant to a fee-shifting provision contained in the parties' publishing contract (the "Agreement"). Both parties appeal.

The primary appeal, initiated by ELW, presents us with an issue of first impression: Does the Copyright Act of 1976 preclude enforcement of a contractual attorney fees provision in copyright-based litigation? On cross appeal, we are asked whether the district court abused its discretion in calculating the amount of fees to be awarded, excluding the issue of damages from trial, or denying Ryan's motion for sanctions and motion for leave to amend her complaint.

We have jurisdiction under 28 U.S.C. § 1291. We conclude the Copyright Act does not bar an award of attorney fees under the circumstances but hold that the district court

abused its discretion by categorically excluding the majority of Ryan's requested fees without adequate explanation. Therefore, we vacate the district court's order awarding Ryan attorney fees and remand for further proceedings consistent with this opinion. In all other regards, we affirm the rulings of the district court.

## FACTUAL BACKGROUND

Ryan is an artist working in pastel on paper. ELW is a publisher of art posters. In 1995, Ryan and ELW executed the Agreement under which ELW received a license to publish a limited number of Ryan's pastel artworks as posters, and in exchange, ELW agreed to pay Ryan royalties. The Agreement also provides that "[i]n the event that litigation is instituted with regard to this Agreement, the prevailing party shall be entitled to its costs of the suit, including reasonable attorney's fees."

In the years following Ryan and ELW's execution of the Agreement, the production and sale of derivative works of art, such as canvas transfers, giclées, and wall murals, became increasingly popular. Many of these derivative works are produced through varying processes of transferring an art image from a poster onto another medium. Although the Agreement expressly granted ELW a license to produce and sell posters of Ryan's original works, it did not explicitly address the subsequent use of those posters for the production of derivative works.

Not long after derivative works began to rise in popularity, Ryan began to notice that retailers were offering canvas transfer and wall mural reproductions of her art for sale. Believing that ELW (or, at a minimum, its posters) may

be involved, Ryan contacted ELW to inquire about the production and sale of these derivative works.  After several unsuccessful demands, Ryan initiated litigation.

## PROCEDURAL HISTORY

Ryan filed her complaint against ELW in August 2006, alleging that ELW was knowingly supplying the entity ArtSelect, among others, with posters of Ryan's artwork for the purpose of creating derivative works in violation of the Agreement, the Copyright Act, and California law.  ELW answered, denying Ryan's allegations, and discovery commenced.[1]

After the close of discovery, ELW filed a series of motions for partial summary judgment.  In its first motion, ELW sought adjudication limiting the amount of Ryan's recoverable damages.  Specifically, ELW argued that Ryan had produced evidence of only one act of infringement—ArtSelect's sale of a canvas transfer of Ryan's pastel entitled *Primavera I* for which ArtSelect made $1.72 in profit.  The district court held that Ryan was not entitled to statutory damages or attorney fees under the Copyright Act

---

[1] ELW also filed a counterclaim against Ryan for defamation, which Ryan moved to strike under California's anti-SLAPP statute on two occasions.  After succeeding on her second motion, the district court awarded Ryan fees incurred in connection with that motion but denied her request for fees incurred in connection with her first motion.  As explained in Section I.C. of this opinion, we vacate the district court's award of attorney fees and remand for the district court to recalculate its award consistent with this opinion.  In doing so, we also reopen the issue of whether to award Ryan the reasonable attorney fees that she incurred in connection with her first anti-SLAPP motion.  *See Manufactured Home Cmtys., Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011).

and that if Ryan succeeded on the liability portion of the infringement claims, her recoverable damages for those claims would be limited to $1.72. In separate motions, ELW sought and obtained summary judgment in its favor on all of Ryan's claims. Meanwhile, Ryan filed a competing motion for summary judgment seeking a determination that she was the prevailing party within the meaning of the Agreement despite the fact that ELW obtained judgment in its favor on all claims. The district court denied Ryan's motion, and Ryan appealed to this court.

In her first appeal before us, Ryan challenged the summary judgment rulings along with several discovery orders. *Ryan v. Editions Ltd. W., Inc.*, 417 F. App'x 699 (9th Cir. 2011) [hereafter *Ryan I*]. We affirmed the district court's discovery orders and grant of summary judgment on all claims except the copyright infringement claims. *Id.* at 702. We reversed the grant of summary judgment on Ryan's contributory and vicarious copyright infringement claims with the following instruction: "If the district court finds ELW liable for contributory or vicarious copyright infringement, it should reconsider whether Ryan is the prevailing party under the broad language of the contract, and whether she is entitled to a permanent injunction against ELW." *Id.* at 701.

The case returned to the district court on remand, and the parties prepared for trial on Ryan's copyright infringement claims. Prior to the agreed-upon bench trial, Ryan filed a motion seeking an award of sanctions based on ELW's alleged spoliation of evidence. The district court denied Ryan's motion, relying on the court's earlier determination, affirmed in *Ryan I*, that the majority of allegedly spoliated documents were not relevant. The district court further found

that Ryan had obtained any potentially relevant documents from other sources and that her remaining allegations of spoliation were speculative. In the same order, the district court instructed the parties that the upcoming trial would be limited to issues regarding ELW's liability for vicarious or contributory copyright infringement, Ryan's entitlement to injunctive relief, and Ryan's status as the prevailing party under the Agreement.

The parties proceeded to trial. On the final day of trial, ELW's president testified that ELW gave its clients permission to create canvas transfers of its posters if the artist in question did not have any restrictions in his or her publishing contract with ELW. In contrast, in an earlier deposition, ELW's president had testified that ELW generally would obtain express consent from its artists prior to authorizing a client's use of a poster for a canvas transfer. Based on this change in testimony, Ryan moved for leave to amend her complaint to add a claim of fraud. The district court denied Ryan's motion.

After the bench trial concluded, the district court found in favor of Ryan on her contributory copyright infringement claim. Although the court found that Ryan failed to present any evidence to "substantiate a claim to any portion of ELW's profits or any other damages award," it held that Ryan was entitled to injunctive relief. The district court also found that Ryan was the prevailing party within the meaning of the Agreement and ordered Ryan to submit supporting evidence for a claim of attorney fees.

Ryan submitted the affidavit of her attorney as well as contemporaneous billing logs, demonstrating fees in the amount of $328,077.50 along with interest and costs. The

requested fees represent the total fees incurred in prosecuting all claims and appeals. The district court district court awarded Ryan $51,363.81 in fees, which it believed represented the amount associated with Ryan's contributory copyright infringement claim.

## STANDARD OF REVIEW

We review the district court's award of attorney fees for abuse of discretion. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 977–78 (9th Cir. 2008). We review factual findings for clear error and the interpretation of governing legal principles de novo. *Id.* at 977. Whether copyright preemption applies is a question of law subject to de novo review. *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005). We review a district court's denial of a motion for leave to amend and denial of a motion for sanctions based on spoliation of evidence for abuse of discretion. *Campbell v. Bd. of Trs. of Leland Stanford Junior Univ.*, 817 F.2d 499, 506 (9th Cir. 1987) (motion to amend); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir. 2006) (motion for sanctions).

## DISCUSSION

## I.  Attorney Fees.

To recover fees in the underlying litigation, Ryan was required to demonstrate that a statute or contractual provision permitted such an award. *See Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003). Conceding that she was not entitled to recover fees under the Copyright Act due to her failure to timely register her copyright for *Primavera I*, *see* 17 U.S.C. § 412, Ryan sought and received an award of fees under the

Agreement's fee-shifting provision. In awarding Ryan fees under the Agreement, the district court determined that the Copyright Act does not preclude enforcement of the Agreement's fee-shifting provision, but determined that Ryan was entitled to only a fraction of her requested fees.

Like the district court, we conclude that an award of attorney fees under the Agreement was permitted under the circumstances. However, the district court failed to provide an adequate explanation for its reduction in the amount of requested fees and impermissibly deducted categories of fees on a pro rata basis.

A. *Copyright Act Preemption.*

The Copyright Act expressly preempts all state law claims where the plaintiff's work "come[s] within the subject matter of copyright" and the state law grants "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). Congress did not, however, preempt the field when it enacted the Copyright Act. *Foad Consulting Grp., Inc. v. Azzalino*, 270 F.3d 821, 827 (9th Cir. 2001) (citing *Morseburg v. Baylon*, 621 F.2d 972, 977–78 (9th Cir. 1980)). Consequently, claims are not preempted if they fall outside the scope of § 301(a)'s express preemption and are not otherwise in conflict with the Act. *Id.* The state law that is the subject of our preemption analysis in this appeal is simply the law that permits the execution and enforcement of contractual fee-shifting provisions. *See* CAL. CODE CIV. P. § 1021; *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1341 (1992).

1.  *Express Preemption under § 301(a).*

To determine whether a claim falls within the Copyright Act's express preemption provision, we consider whether (1) the work at issue falls within the scope of copyright subject matter, and (2) the law at issue grants rights equivalent to any of the exclusive rights within the scope of copyright. *Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975, 979 (9th Cir. 2011). "To survive preemption, a state cause of action must assert rights that are qualitatively different from the rights protected by copyright." *Id.* at 980. A state cause of action is "qualitatively different" when it contains an additional element not required for a copyright claim. *Id.*; *Altera Corp.*, 424 F.3d at 1089; *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439–40 (9th Cir. 1993).

"The [exclusive] rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, and display." *Altera Corp.*, 424 F.3d at 1089 (citing 17 U.S.C. § 106). In the event of infringement, the Copyright Act provides for the recovery of actual or statutory damages and a discretionary award of attorney fees to the prevailing party in any civil action brought under the Act. 17 U.S.C. §§ 504, 505. However, an award of fees under the Act is not permitted if the copyright holder failed to timely register the copyright and the infringement occurred prior to the date of registration. *Id.* § 412.

Whether and to what extent the Copyright Act might preempt state law bases for awarding attorney fees is a largely unanswered question. *See* MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT, § 14.10[B] (rev. ed. 2012). Several courts have considered whether to award fees under

alternative bases in copyright litigation, but those courts did not consider the precise issue before us. *See Harris Mkt. Research v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518, 1526–27 (10th Cir. 1991) (awarding fees under contractual provision in litigation involving both contract and copyright claims but not addressing issue of preemption); *X-It Prods., LLC v. Walter Kidde Portable Equip., Inc.*, 227 F. Supp. 2d 494, 539–40 (E.D. Va. 2002) (awarding fees pursuant to court's inherent authority where fees were otherwise unavailable under Copyright Act but not considering preemption).

On its face, a party's right to enforce a contractual fee-shifting provision against its contracting partner has little, if anything, to do with the exclusive rights or subject matter of copyright. ELW contends, however, that Ryan is not merely enforcing a contractual right. Rather, she is seeking to recover an additional remedy on her successful contributory copyright infringement claim, and in this regard, her right to enforce the provision intersects with the rights protected under the Copyright Act.

Even accepting ELW's contention, we conclude that the Copyright Act does not preempt California law permitting the enforcement of the Agreement's fee-shifting provision. Indeed, we, along with our sister circuits, have long recognized that a contractually-based claim generally possesses the extra element necessary to remove it from the ambit of the Copyright Act's express preemption provision. *See, e.g.*, *Altera Corp.*, 424 F.3d at 1089 ("Most courts have held that the Copyright Act does *not* preempt the enforcement of contractual rights."); *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1454 (7th Cir. 1996) ("[A copyright] restrict[s] the options of persons who are strangers to the author . . . A

copyright is a right against the world. Contracts, by contrast, generally affect only their parties; strangers may do as they please, so contracts do not create 'exclusive rights.'").

The reasoning of these cases holds true here. California law permitting contractual fee-shifting provisions does not fall within the scope of § 301(a) and therefore is not preempted by the express terms of the Copyright Act.

### 2. *Conflict Preemption.*

The Copyright Act also implicitly preempts laws that conflict with the Act. *See Foad Consulting Grp.*, 270 F.3d at 827 (state law enforceable "so long as state law does not otherwise conflict with the Copyright Act"). Such a conflict exists "where it is impossible for a private party to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990) (internal quotation marks and citation omitted).

As it is not impossible for parties to comply with both the Copyright Act and the California law giving effect to contractual fee-shifting provisions, CAL. CODE CIV. P. § 1021, we must only decide whether the latter would undermine the purposes of the Copyright Act.

California law permitting enforcement of the Agreement's fee-shifting provision does not "stand[] as an obstacle to the . . . full purposes and objectives of Congress" in enacting the Copyright Act, and § 412 specifically. *Id.* Congress amended the Copyright Act in 1976 to provide copyright protection for works prior to their publication and

registration. Yet, as the legislative history explains, Congress sought to encourage copyright holders to make a public record of their rights before attempting to hold others liable for the infringement of those rights. H.R. REP. NO. 94-1476, at 158 (1976). Thus, Congress added § 412 to predicate the recovery of "extraordinary remedies," i.e., statutory damages and attorney fees, on timely registration even though statutory protection and traditional remedies, i.e., actual damages and injunctive relief, would be available regardless of timely registration. *Id.*

The concern for having a public record of the copyright at the time of infringement is not as acute when, as here, the infringement claim involves two contracting parties. This is not a case involving a copyright holder's efforts to enforce its rights against the world. It is a case involving one party to a contract enforcing her rights against her contracting partner. Even absent public registration, there can be no question that ELW knew of Ryan's rights with regard to her artwork—ELW itself needed a license from Ryan so that it could lawfully reproduce her work in poster form. The enforcement of the parties' private agreement therefore poses no serious obstacle to the public registration concern underlying § 412.

We recognize, however, that the result might be different if this case involved a fee-shifting *statute*, rather than a private agreement, that permitted a fee award where the Copyright Act did not. *Cf. San Francisco Culinary, Bartenders, and Serv. Emps. Welfare Fund v. Lucin*, 76 F.3d 295, 298 (9th Cir. 1996) ("If a litigant were permitted to resort to a state statutory procedure to reach around ERISA's attorney's fees provision for fees on an ERISA claim, the purposes of the ERISA provision would be severely undermined."); *Bldg. Innovation Indus., LLC v. Onken*, 473

F. Supp. 2d 978, 987–88 (D. Ariz. 2007) (Patent Act provision allowing discretionary award of attorney fees to prevailing party in extraordinary cases implicitly preempted state statute providing for mandatory award of fees in an action arising out of contract).

Because California law permitting contractual fee-shifting provisions does not fall within the scope of § 301(a) or conflict with the purpose of the Copyright Act, we determine that the Copyright Act does not preempt enforcement of the Agreement's fee-shifting provision.[2]

B. *Judicial Estoppel.*

In addition to determining that the Copyright Act and California law did not preclude an award of fees, the district court found that Ryan was not judicially estopped from requesting attorney fees under the Agreement based on her earlier opposition to ELW's request for fees and concession that she was not entitled to fees under the Copyright Act. We

---

[2] California law similarly does not preclude an award of fees under the circumstances. To the extent enforcement of the Agreement's fee-shifting provision is not precluded by the Copyright Act, it is also not precluded by California Code of Civil Procedure § 1021. *See Cnty. of Sacramento v. Sandison*, 174 Cal. App. 4th 646, 651 (2009) (explaining that in determining whether state law bars enforcement of a contractual attorney fees provision, "the question is whether the statutory attorney's fees provision expressly, or the policy of the statute implicitly, overrides the freedom to contract for a different outcome"). Further, California courts generally find that a fee-shifting provision applicable to claims "relating to" a contract or claims that the contract "gives rise to" is broad enough to encompass related tort and statutory claims. *See, e.g.*, *Palmer v. Shawback*, 17 Cal. App. 4th 296, 299–300 (1993)*; Xuereb*, 3 Cal. App. 4th at 1344–45; *see also 3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co.*, 990 F.2d 487, 489 (9th Cir. 1993).

find no error in this determination.

Judicial estoppel is an equitable doctrine that the court has discretion to invoke to prevent a litigant from taking contradictory positions. *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990). The doctrine is "intended to protect against a litigant playing 'fast and loose with the courts.'" *Rockwell Int'l Corp. v. Hanford Atomic Metal Trades Council*, 851 F.2d 1208, 1210 (9th Cir. 1988). "The emphasis is not on a hard and fast rule, but rather on prevention of 'intentional self-contradiction . . . as a means of obtaining unfair advantage.'" *Arizona v. Shamrock Foods Co.*, 729 F.2d 1208, 1215 (9th Cir. 1984) (quoting *Scarano v. Cent. R. Co. of N.J.*, 203 F.2d 510, 513 (3d Cir. 1953)).

ELW has failed to demonstrate that Ryan took inconsistent positions or that the district court abused its discretion. Despite her concessions that she could not recover statutory damages or fees under the Copyright Act, Ryan has at all pertinent times maintained that she was entitled to recover fees under the Agreement. She requested fees pursuant to the Agreement's fee-shifting provision in her complaint. She later moved for summary adjudication that she was the prevailing party under the Agreement and thus entitled to recover the fees she incurred in connection with all of her claims. And she opposed ELW's motion for attorney fees on the bases that ELW waived any right to fees by failing to request them in its answer, properly substantiate its request, or establish that it was the prevailing party.

In the absence of any clear evidence that Ryan took inconsistent positions regarding her entitlement to fees, we cannot say that the district court erred by declining to invoke

the highly discretionary doctrine of judicial estoppel.[3]

C.  *Amount of Fees.*

When calculating the amount of attorney fees to be awarded in a litigation, the district court applies the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

The district court may reduce the amount of requested fees to reflect a party's limited degree of success, *Hensley*, 461 U.S. at 436–37, to account for block billing, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007), or to deduct those hours the court deems excessive, *Moreno*, 534 F.3d at 1112. However, the district court must provide an adequate explanation for its fee calculation. *Hensley*, 461 U.S. at 437. While a somewhat cursory explanation may be sufficient where the disparity between the requested fees and the district court's award is slight, "a more specific articulation of the court's reasoning is expected" where the disparity is greater. *Moreno*, 534 F.3d at 1111.

---

[3] ELW also contends that the district court failed to comport with local rules regarding the motion practice for requesting attorney fees and failed to conduct an evidentiary hearing on the parties' intent regarding the Agreement's fee provision. ELW failed to raise these arguments before the district court and has therefore waived them on appeal. *See United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012).

Here, Ryan requested \$328,077.50 in fees along with annual interest and costs.[4]  The parties and district court agreed that Ryan's requested hourly rate was reasonable but disagreed on the amount of reasonable hours expended.  The district court endeavored to reduce the amount of reported hours to deduct all hours not specifically associated with Ryan's contributory copyright infringement claim.  First, the district court subtracted all hours associated with categories other than the pretrial and trial phases.  Next, the district court subtracted three-quarters of the pretrial and trial phase fees to reflect the fact that Ryan succeeded on one of her four claims.  Finally, the district court subtracted another twenty percent from the remaining amount to account for "block-billing and interest improperly claimed," arriving at the final awarded amount of \$51,363.81, approximately fifteen percent of the requested amount.

1.  *Categorical Exclusion of Fees Associated with Tasks Other Than Pretrial and Trial*.

As explained in his affidavit offered in support of Ryan's fee request, Ryan's attorney divided the requested fees into five categories.  The affidavit identifies the hours and fees incurred in connection with each category.  The supporting billing log also contains a column, which identifies the category to which each time entry belongs.

The district court eliminated all fees associated with four of the five categories, explaining that the issue of fees for the excluded categories was "moot" or the supporting

---

[4] Ryan does not argue on appeal that the district court erred in its calculation of recoverable costs.  Therefore, we limit our inquiry to the district court's calculation of recoverable fees.

information was "not sufficiently detailed to show that [the fees] are specifically related to prosecution of the contributory copyright infringement claim." Importantly, the district court eliminated all fees incurred in connection with the *Ryan I* appeal and Ryan's pre-litigation cease-and-desist efforts.

The categorical elimination of these fees was error, as the work associated with the *Ryan I* appeal and the cease-and-desist letter plainly involved prosecution of Ryan's contributory copyright infringement claim. Indeed, in *Ryan I*, Ryan obtained a reversal of the district court's earlier grant of summary judgment on her infringement claims. And this court reserved for the district court the determination of whether to award fees associated with that appeal. Similarly, the fees associated with Ryan's cease-and-desist efforts were also plainly related to the eventual prosecution of her infringement claim, as the cease-and-desist letter specifically demanded that ELW cease all infringing activity with third parties. To the extent the Agreement's fee-shifting provision extends to pre-litigation activities, Ryan is entitled to recover the reasonable fees incurred in connection with her cease-and-desist efforts.

The district court certainly was permitted, and in fact required, to analyze whether Ryan achieved only limited success in the underlying litigation and how her requested fee award should be reduced to account for her limited degree of success. However, the district court erred by mechanically excising entire categories of fees that undoubtedly involved important work relating to Ryan's prosecution of her copyright infringement claim without meaningful explanation. *See Hensley*, 461 U.S. at 436–38.

On remand, the district court may in its discretion reduce the requested hours and fees to comport with Ryan's limited success and to eliminate hours that the court finds are excessive. There is no precise formula or methodology that the district court is obligated to follow. *Id.* If certain hours are clearly unrelated to Ryan's contributory copyright claim or associated issues, those hours may be eliminated. *Id.* But, the district court must provide a more detailed explanation for its reductions and must consider the interrelated nature of the claims involved in the underlying litigation.

### 2. *Pro Rata Reduction of Pretrial and Trial Fees*.

The district court next reduced the amount of remaining fees by three-quarters to reflect the fact that Ryan succeeded on only one of the four claims asserted in her complaint. Again, we find that the district court erred by applying such a mechanical approach to reducing Ryan's requested fees.

Apportionment of fees on a pro rata basis may be appropriate in limited circumstances. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157–58 (9th Cir. 2002). In most cases, however, such apportionment fails to adequately ensure that the fees awarded actually represent the fees associated with the successful claims. *Cf. Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 972 (9th Cir. 2011). Pro rata apportionment is particularly ineffective in a case, such as this one, where the various claims asserted involve a common set of facts and issues. *See Hensley*, 461 U.S. at 437–39. The district court did not explain how a pro rata reduction would appropriately reduce the fee award to account for Ryan's limited success in the action without unfairly eliminating fees reasonably incurred in connection with her contributory infringement claim.

Given the highly interrelated nature of Ryan's claims, a pro rata reduction of fees was inappropriate. On remand, the district court has discretion to select an adequate method for reducing Ryan's requested fees that balances Ryan's entitlement to fees as the prevailing party with her limited success in the litigation as a whole.

### 3. *Twenty-Percent Reduction for Block Billing and Interest.*

Finally, the district court reduced the remaining amount of pretrial and trial phase fees by an additional twenty percent, explaining that the reduction was meant to account for "block-billing and interest improperly claimed before the fee amounts were certain and vested."

It was within the district court's discretion to reduce the requested fee amount to account for the potential inflation of hours that may result from block billing and to account for any improperly claimed interest. *Welch*, 480 F.3d at 948. But, the district court provided no explanation for the determination that twenty percent was the appropriate amount to deduct, and failed to account for the fact that many of the entries in Ryan's billing log were not billed in block format. Absent such explanation, we are unable to adequately review or sustain the district court's action. *Id.* (unexplained, blanket reduction for block billing inappropriate where not all time entries were billed in block format); *see also Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (specific explanation required for reduction over ten percent).

Therefore, we vacate the district court's across-the-board twenty-percent reduction. On remand, the district court may reduce the requested fee amount to account for block billing

and improperly claimed interest, but it must "'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format" and how it determined the percentage of reduction to apply. *Welch*, 480 F.3d at 948 (quoting *Sorenson v. Mink*, 239 F.3d 1140, 1146 (9th Cir. 2001)).

## II. Motion for Sanctions Due to Spoliation.

We next consider whether the district court erred in its pretrial ruling denying Ryan's motion for sanctions based on ELW's alleged spoliation of evidence. We see no abuse of discretion. *Fjelstad v. Am. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985) ("The district court's discretion will not be disturbed unless we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." (internal quotation marks, alterations, and citation omitted)).

Ryan had the burden of establishing spoliation by demonstrating that ELW destroyed documents and had "some notice that the documents were potentially relevant to the litigation before they were destroyed." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (internal quotation marks omitted). Upon a finding of spoliation, the district court had discretion to impose sanctions pursuant to its inherent power. *Leon*, 464 F.3d at 959*; Fjelstad*, 762 F.2d at 1338.

The district court identified the proper legal framework with which to evaluate Ryan's motion and denied the motion because the documents were irrelevant, Ryan obtained them from other sources, and the remaining claims of spoliation

were speculative. In other words, the district court found that Ryan failed to carry her burden of showing spoliation as to some documents, and the record demonstrated that Ryan suffered no prejudice as a result of ELW's failure to preserve other documents. These findings are adequate bases for denying Ryan's motion. *See, e.g.*, *Kitsap Physicians Serv.*, 314 F.3d at 1001; *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) (spoliation sanctions not warranted absent threshold showing of relevance).

## III.     Exclusion of Damages as Issue for Trial.

In the same order denying Ryan's motion for sanctions, the district court also ordered that the trial would be "limited to the specific issues set forth by the Ninth Circuit for remand," which did not include reopening the issue of Ryan's damages. Although Ryan argued that the district court erroneously found her damages were limited to $1.72, our decision in *Ryan I* reversed the district court's earlier order only on the issue of copyright infringement liability and reopened the issues of injunctive relief and attorney fees based on the outcome of the remand proceedings. In all other respects, we affirmed the district court.

*Ryan I* contains only one sentence relating to copyright infringement damages: "Insofar as the district court found that Ryan could not prove damages, we note that ArtSelect's profits from the infringement were at least partially caused by ELW's unauthorized license of Ryan's works. *See Mackie v. Rieser*, 296 F.3d 909, 911 (9th Cir. 2002)." *Ryan I*, 417 F. App'x at 701. We interpret this statement to relate to causation of damages rather than to the amount of damages, as Ryan urges. Furthermore, Ryan has not suggested that she has any evidence demonstrating additional infringing sales

that would support an increased damages award and concedes that she did not attempt to present such evidence at trial.

The district court did not abuse its discretion in interpreting the mandate from *Ryan I* to exclude damages from the issues for trial.

## IV.    Motion for Leave to Amend.

Finally, we consider whether the district court erred by denying Ryan's motion for leave to amend. The district court had considerable discretion in deciding whether to grant Ryan's motion for leave to amend, which she filed at the conclusion of the trial. *Campbell*, 817 F.2d at 506. The district court was required to consider the "propriety of [Ryan's] motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to [ELW], and/or futility." *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (quoting *William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 669 n.8 (9th Cir. 2009)).

The district court's denial of Ryan's motion is supported by its findings of undue delay and prejudice. *See Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1111 (9th Cir. 2012). The district court specifically found that Ryan's failure to bring her motion prior to the close of trial was unreasonable. Indeed, Ryan had asserted in the years leading up to trial (including in her earlier appeal to this court) that ELW lied about its authorization of canvas transfers and routinely permitted its customers to reproduce its artists' work.

Even if the trial garnered unexpected testimony from one ELW executive that supported Ryan's proposed fraud claim,

the general facts and theories underlying that claim were known to Ryan throughout the litigation. *See id.* (affirming denial of leave to amend to assert new legal theory where party seeking leave generally knew facts and theory earlier in litigation); *Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016–17 (9th Cir. 1999) (same). Further, the district court effectively found that granting Ryan's motion would result in prejudice when it recognized that granting the motion would necessitate reopening discovery and conducting a new trial. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1990). Thus, the district court did not abuse its discretion in denying Ryan's motion for leave to amend.**[5]**

## CONCLUSION

We affirm the district court's pretrial order setting the issues for trial and affirm its orders denying Ryan's motions for sanctions and for leave to amend. Although the district court correctly determined that Ryan was entitled to attorney

---

**[5]** Ryan also sought leave to amend on the basis that the parties tried the issue of fraud by consent. In support, Ryan relies on her own rebuttal testimony in which she discussed licensing additional works to ELW under her allegedly false belief that ELW did not have a practice of authorizing the use of its posters for production of canvas transfers. Ryan's testimony does not establish the elements of fraud and according to her counsel was offered merely to provide "context" as to why Ryan was searching the Internet for canvas transfer reproductions of her work. Her testimony is not the type of evidence so clearly intended to introduce the issue of fraud that is required to support an amendment under Rule 15(b). *See Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir. 1983) (Rule 15(b) should not be used to permit amendments "to include issues which may be 'inferentially suggested by incidental evidence in the record.'" (quoting *Cole v. Layrite Prods. Co.*, 439 F.2d 958, 961 (9th Cir. 1971))).

fees, the district court abused its discretion by categorically excluding the majority of Ryan's requested fees and failing to provide an adequate explanation for its calculations.

**AFFIRMED, in part, VACATED in part, and REMANDED.** Ryan is awarded her costs on appeal.