**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS CLINTON, | No. 14-56049 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-04181-DOC-OP |
| v. | |
| R. DE LA CRUZ, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted April 26, 2016[**]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Former California state prisoner Thomas Clinton appeals pro se from the
district court's summary judgment in Clinton's 42 U.S.C. § 1983 action alleging an
Eighth Amendment deliberate indifference claim arising from defendant's alleged
refusal to assist Clinton in securing housing upon Clinton's release from prison.

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Clinton failed to raise a genuine dispute of material fact as to whether defendant was deliberately indifferent to Clinton's post-release housing needs. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (explaining that to prove deliberate indifference, a plaintiff must show that the prison official's "indifference was the actual and proximate cause of the deprivation").

The district court did not abuse its discretion in denying Clinton's motion for dispositive sanctions because Clinton failed to show that defendant or defense counsel withheld, altered or destroyed documents. *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 759, 766 (9th Cir. 2015) (setting forth standard of review and concluding that the district court did not abuse its discretion in denying sanctions where spoliation was speculative).

The district court did not abuse its discretion in denying Clinton's motion for appointment of counsel because Clinton failed to demonstrate extraordinary circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

14-56049

We affirm the award of costs to defendant because Clinton failed to file a motion for the district court to review the clerk-approved bill of costs. *See Walker v. California*, 200 F.3d 624, 625-26 (9th Cir. 1999) (a party waives the right to challenge a cost award if the party does not file a timely motion for review of the award).

Clinton's motion for sanctions, filed on April 6, 2015, is denied. Clinton's request that oral argument be held in Pasadena, filed on May 12, 2015, is denied.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**