NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE LIGUORI and BRUNO LIGUORI TURQUOISE TRADING, INC., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> BERT HANSEN, DBA High Scaler Cafe, DBA Hoover Dam Snacketeria, <br><br> Defendant-Appellant. | No. 16-16601 <br><br> D.C. No. 2:11-cv-00492-GWF <br><br> MEMORANDUM[*] |
| VICTORIA NELSON, Chapter 7 Trustee in Bankruptcy and BRUNO LIGUORI TURQUOISE TRADING, INC., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> BERT HANSEN, DBA High Scaler Cafe, DBA Hoover Dam Snacketeria, <br><br> Defendant-Appellant. | No. 17-15455 <br><br> D.C. No. 2:11-cv-00492-GWF |
| VICTORIA NELSON, Chapter 7 Trustee in Bankruptcy and BRUNO LIGUORI TURQUOISE TRADING, INC., <br><br> Plaintiffs-Appellants, | No. 17-15506 <br><br> D.C. No. 2:11-cv-00492-GWF |

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

BERT HANSEN, DBA High Scaler Cafe,
DBA Hoover Dam Snacketeria,

Defendant-Appellee.

Appeal from the United States District Court
for the District of Nevada
George W. Foley, Jr., Magistrate Judge, Presiding

Argued and Submitted September 6, 2018
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and
CARDONE,** District Judge.

These consolidated appeals reach this Court after two jury trials in the district court. In 2011, Plaintiff-Appellee Steve Liguori filed suit against Defendant-Appellant Bert Hansen. The dispute centers on Hansen's use of Liguori's creative work under the parties' licensing agreement, which allowed Hansen to sell souvenirs featuring Liguori's work at Hansen's store near the Hoover Dam. A jury ultimately found Hansen liable for both breach of contract and copyright infringement. Hansen appeals four rulings from the district court, including its decision to award Liguori attorney's fees. Liguori, in turn, cross appeals the court's determination that he was not entitled to his full fee request.

---

** The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand this matter for further proceedings.

## I.

Hansen first argues that the district court erred by directing a verdict in Liguori's favor regarding interpretation of the licensing agreement. The propriety of a directed verdict is reviewed de novo, and we will reverse if there is "substantial evidence to support a verdict for the nonmoving party." *Meehan v. Cty. of Los Angeles*, 856 F.2d 102, 106 (9th Cir. 1988). In the proceedings below, the parties disagreed as to whether certain items sold in Hansen's store—namely, books that featured a logo designed by Liguori—were "souvenirs" within the meaning of the agreement and subject to royalties. Based on the evidence presented at trial, the district court concluded that the books qualified as souvenirs.

On appeal, Hansen does not adequately explain why the books were not souvenirs based on the unambiguous language in the licensing agreement, nor does he point to any evidence before the district court that could have supported a verdict in his favor. Instead, he primarily argues that he had an implied license to use the logo in branding his store. Even assuming the existence of an implied license for other purposes, Hansen is still liable for breach of contract if he sold items subject to the licensing agreement without paying the agreed-upon royalties. *See Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 (9th Cir. 1990). Because

3

Hansen has not adequately argued how the evidence could support a verdict in his favor, we affirm the directed verdict in Liguori's favor. *See Meehan*, 856 F.2d at 106.

**II.**

Hansen next challenges the district court's decision allowing Liguori's damages expert to testify at the second trial despite the untimely disclosure of her supplemental report. "We review the district court's rulings concerning discovery, including the imposition of discovery sanctions, for abuse of discretion." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011). In the event a party fails to make timely disclosures, the information that should have been disclosed may not be used at trial unless "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, the district court concluded that the untimely disclosure was harmless because the underlying assumptions and methodology in the supplemental report were unchanged from the initial report relied on by the expert at the first trial. The court also observed that the updated damages calculations merely reflected several prior rulings that had limited the recovery period and removed certain items from the ambit of the licensing agreement.

Although Hansen argues on appeal that he was prejudiced by Liguori's untimely disclosure, he fails to specify how. Hansen deposed the expert prior to

the first trial. Given that the changes in the supplemental report were made to bring the calculations into compliance with the district court's prior rulings, he had notice of the substance of the expert's testimony. Therefore, this untimely disclosure was harmless. *See Fonseca v. Sysco Food Servs of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004). We therefore conclude that the district court did not abuse its discretion by allowing the expert to testify at the second trial.

**III.**

In his third challenge, Hansen argues that the district court erred by refusing to instruct the jury on vicarious copyright infringement. We review the formulation of jury instructions for abuse of discretion, and "[a] party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To establish liability for vicarious copyright infringement, a plaintiff must show "that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007).

Hansen argues that he was entitled to an instruction on vicarious copyright infringement because, as he contends, Liguori asked the jury to find Hansen liable for infringement based on the sale of items featuring Liguori's work by third parties. But the court permitted Liguori to argue only that Hansen was liable as a

5

direct infringer, because Hansen distributed copies of Liguori's work to the third parties and there was no evidence that Hansen controlled the third parties. *See* 17 U.S.C. § 106(3). Because Liguori was properly precluded from arguing that Hansen was liable for vicarious infringement, the district court did not abuse its discretion by refusing to instruct the jury on vicarious copyright infringement. *See Perfect 10, Inc.*, 508 F.3d at 1173.

## IV.

The court next considers the issue of attorney's fees.

## A.

Hansen argues that the district court incorrectly determined that he was not the prevailing party on his copyright claim as well as his contract claim. But in *Columbia Pictures Television v. Krypton Broad. of Birmingham*, 152 F.3d 1171 (9th Cir. 1998), we held that a party found liable for copyright infringement cannot be the prevailing party under § 505 as a matter of law. *Id.* at 1172. Thus, because the jury found Hansen liable for infringement, he is not a prevailing party under the Copyright Act. *See id.* at 1171–72; *see also Cadkin v. Loose*, 569 F.3d 1142, 1148–49 (9th Cir. 2009) (prevailing-party status under the Copyright Act is determined by the material alteration test, which is satisfied when one party obtains a judgment on the merits against another party).

Liguori also obtained a judgment that Hansen breached the parties' licensing agreement, which is governed by Nevada law. Under Nevada law, a party need not succeed on every issue to qualify as a prevailing party. *MB Am., Inc. v. Alaska Pac. Leasing*, 367 P.3d 1286, 1292-93 (Nev. 2016). Instead, a party that obtains a judgment in its favor is the prevailing party for the purposes of a fee award. *Id.* Thus, the district court correctly determined Liguori was the prevailing party on his contract claim, as well as his copyright claim.

**B.**

On his cross-appeal, Liguori argues that the district court erred by refusing to award all his reasonable attorney's fees, particularly in relation to the first trial.[1]

During the first trial, Liguori presented the jury with two theories of recovery. Under his first theory, all items sold by Hansen were covered by the licensing agreement, and Liguori was entitled to recover solely on his contract claim based on Hansen's failure to pay royalties on every sale. In the alternative, Liguori argued that certain uses of his work by Hansen went beyond the scope of the licensing agreement such that Hansen was liable for copyright infringement. Under this theory, Liguori was entitled to recover on his contract claim based on Hansen's failure to pay all royalties owed on items covered by the licensing agreement, and on his copyright claim based on the use of his work that fell

---

[1] Contrary to what the panel was informed by the parties at argument, the district court did award fees for the period before the start of the first trial.

outside the scope of the licensing agreement. The jury ultimately returned a verdict in favor of Liguori for $1,200,000 on his contract claim and $150,000 in statutory damages on his copyright claim.

Hansen then moved for a new trial, which the district court granted. The court noted that, given the size of the contract award, it could be sustained only if the jury agreed with Liguori's first theory—that all items sold by Hansen were subject to the agreement, and that he was entitled to recover contract damages because Hansen failed to pay royalties on most items. But that conclusion would be inconsistent with the copyright award because, under Liguori's first theory, he was entitled to recover only contract damages. The court further held, as a matter of law, that Liguori's first theory was based on an unreasonable interpretation of the licensing agreement. Later, after Liguori prevailed again at the second trial and requested attorney's fees, the district court refused to award fees for work related to the first trial. The court explained that the second trial was necessary only because Liguori presented an unreasonable theory of recovery to the jury during the first trial, and therefore, that he had engaged in "improper conduct."

We agree with Liguori that refusing to award his full fees in this manner was an abuse of discretion. The district court had prior notice that Liguori would present the alternative theories of recovery at the first trial, and based on our review of the record, at no point did the court make clear that it viewed Liguori's

8

interpretation of the licensing agreement as unreasonable. In addition, Hansen neither filed a motion attempting to preclude Liguori from offering his theory, nor did he seek a directed verdict on the issue. And yet, by the reduction, the district court essentially treated Liguori's litigation strategy as sanctionable conduct. While courts possess the inherent authority to sanction a party for litigation misconduct, such sanctions are contingent on a finding of bad faith. *See, e.g., Miller v. City of Los Angeles*, 661 F.3d 1024, 1026 (9th Cir. 2011) (ordering remand for a finding of bad faith where the trial court sanctioned a party for violating its in limine order during summation); *see also Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (courts possess the inherent authority to sanction a party that abuses judicial process).

Liguori's actions did not cross that threshold. Moreover, the district court's fee reduction was based on the court's disagreement with Liguori's interpretation of the licensing agreement. Even if the interpretation advanced by Liguori was questionable, the court required something more than its post hoc disagreement with Liguori's litigation strategy at the first trial in order to conclude that such a reduction was warranted. We therefore hold that the district court abused its discretion, and remand for further consideration of Liguori's fee award. *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 759 (9th Cir. 2015). The district court

retains its discretion to reduce fees if it believes a reduction is warranted for other reasons.

**AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.**