**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH M. ANDERSON,

              Plaintiff-Appellant,

  v.

QUENTIN BYRNE; et al.,

              Defendants-Appellees,

 and

K. LEGRAND; NEVADA
DEPARTMENT OF CORRECTIONS,

              Defendants.

No.   19-15602

D.C. No.
3:16-cv-00056-RCJ-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted September 9, 2020[**]
San Francisco, California

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Joseph Anderson, an inmate at Lovelock Correctional Center, appeals the district court's grant of qualified immunity at summary judgment to Defendant Parks as well as a number of the district court's other orders in his 42 U.S.C. § 1983 suit.  We have jurisdiction under 28 U.S.C. § 1291. and we affirm.

Because the parties are familiar with the facts of this case, we need not recount them here.  We review a district court's grant of summary judgment de novo.  *See L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020).  We review a decision to stay discovery proceedings for abuse of discretion.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  We review a denial of leave to amend for abuse of discretion.  *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016).  We review a denial of a motion for appointment of counsel for abuse of discretion.  *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).  We review a district court's denial of a motion for spoliation for abuse of discretion.  *See Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 759 (9th Cir. 2015).

The district court properly granted summary judgment to Defendant Parks on the basis of qualified immunity.  No case clearly establishes that the conduct at issue here constitutes retaliation under the Religious Land Use and Institutionalized Persons Act.  Moreover, the search of Anderson's cell and the

seizure of the baby oil bottle as contraband served a valid penological

purpose—namely, ensuring the security of the prison by prohibiting and removing

contraband. Therefore, he cannot satisfy the elements of a retaliation claim. *See*

*Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

The district court did not abuse its discretion by staying discovery with

respect to the merits of Anderson's claims while it decided a dispositive motion on

the basis of administrative exhaustion; the district court did not stay discovery with

respect to arguments considered at summary judgment or with respect to the

substantive defenses raised by Defendant Parks. *See Little*, 863 F.2d at 685

(holding the district court did not abuse its discretion by staying discovery pending

the resolution of one issue if discovery would not affect a decision on that issue).

The district court did not abuse its discretion by denying Anderson's motion

for leave to amend because he sought to add ten new defendants after briefing on

the summary judgment motion had already been completed. In its screening order,

the court had not allowed claims to proceed against "Doe" defendants, so it had

already considered the issue. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*,

465 F.3d 946, 951 (9th Cir. 2006).

The district court did not abuse its discretion by denying Anderson's

motions for appointment of counsel because there is no right to counsel in civil

rights actions and the court will grant requests for counsel only in exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). No exceptional circumstances were present here because the legal issues were not particularly complex, and Anderson ably demonstrated his ability to articulate his claims.

Finally, the district court did not abuse its discretion by denying Anderson's motion for spoliation because it reasonably determined that the contents of the baby oil bottle were not relevant to Anderson's First Amendment retaliation claims. Given that the evidence was irrelevant, and therefore, not admissible per Fed. R. Evid. 402, it would make little sense to penalize the Defendants for disposing of the evidence.

**AFFIRMED.**