**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JEANNA ANDERSON,

        Plaintiff-Appellant,

  v.

ANTHONY ARMOUR, Jr., husband; et al.,

        Defendants-Appellees.

No.    20-17284

D.C. No. 2:16-cv-03563-JJT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted December 8, 2021
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Jeanna Anderson sued Officer Anthony Armour Jr. and the City of Phoenix

under 42 U.S.C. § 1983 and Arizona state law, alleging Armour sexually assaulted

her and used excessive force when arresting her during a valid traffic stop.  After a

four-day trial, the jury found in favor of the Defendants and answered special

interrogatories indicating no finding of sexual assault.  Anderson appeals, arguing

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

that the district court erred in three ways: (1) refusing to give an adverse inference instruction on a purportedly spoliated recording; (2) precluding evidence of Armour's previous instances of alleged assault, including the alleged sexual assault of a fellow officer; and (3) precluding extrinsic evidence of Armour's placement on the county *Brady* list. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.    The district court did not abuse its discretion in denying Anderson's motion for an adverse inference instruction under Federal Rule of Civil Procedure 37(e). Armour used his cell phone to record the period when Anderson was handcuffed in the police car, but he disposed of the phone in either late 2015 or early 2016, without securing the recording. However, as Anderson did not file a complaint with the police department regarding her arrest until March 2016, at best it is unclear whether Armour was under a duty to preserve the recording when he disposed of the phone. Fed. R. Civ. Proc. 37(e). Thus, Anderson failed to carry her burden to affirmatively prove that the recording should have been preserved in anticipation of litigation. Additionally, Anderson failed to prove that the recording was destroyed "with the intent to deprive [Anderson] of the information's use in the litigation." Fed. R. Civ. Proc. 37(e)(2). The only evidence presented on Armour's reason for disposing of the cell phone was Armour's testimony that the cell phone broke and no longer worked. Anderson's arguments regarding a

2

statutory and common law duty to preserve the recording are waived because Anderson failed to bring these arguments before the district court. *See Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985).[1]

2. Nor did the district court abuse its discretion in rejecting Anderson's argument that Armour's alleged prior history of assault was admissible habit evidence under Federal Rule of Evidence 406. "In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001); *overruled on other grounds in United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc). A history consisting of four disparate alleged assaults over a five-year period is insufficient to constitute a habit under *Angwin*.

The district court did not abuse its discretion in precluding testimony from Abigail Frost concerning an alleged sexual assault by Armour. Under Federal Rule of Evidence 415, because Anderson alleged a sexual assault, the district court had

---

[1] These arguments also fail on the merits. A common law spoliation analysis mirrors our analysis under Federal Rule of Civil Procedure 37(e). *See Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 2015). Statutory spoliation under A.R.S. § 39-121.01(B) is equally unpersuasive, as the recording at issue is private in nature, and therefore not a public record under *Griffis v. Pinal County*, 215 Ariz. 1 (Ariz. 2007).

the discretion—but was not required—to admit evidence that Armour previously committed another sexual assault. In considering its admissibility, the district court properly balanced the factors we laid out in *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258 (9th Cir. 2000), and concluded, due to several significant differences between the two purported assaults, that Frost's testimony was insufficiently relevant under *Glanzer*.

3.      Finally, the district court did not abuse its discretion in precluding extrinsic impeachment evidence regarding Armour's placement on the county *Brady* list. The trial court has "very broad discretion in applying Rule 403," *Liew v. Off. Receiver & Liquidator*, 685 F.2d 1192, 1195 (9th Cir. 1982), and it reasonably concluded that the *Brady* list evidence bore a substantial risk of confusing the issues and creating unfair prejudice that substantially outweighed its probative value given how "many agents are on *Brady* lists for issues having nothing to do with untruthfulness." And despite Anderson's arguments to the contrary, the district court did allow Anderson to cross-examine Armour on past instances of untruthfulness—including potential policy violations—to attack Armour's credibility without exceeding the bounds of Federal Rule of Evidence 608.

**AFFIRMED.**