**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BOBBY SHANE CHARLTON,

             Plaintiff-Appellant,

  v.

F. YEPEZ; et al.,

             Defendants-Appellees.

No.    20-35206

D.C. No. 2:16-cv-00901-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted July 6, 2022
Portland, Oregon

Before:  WATFORD, R. NELSON, and LEE, Circuit Judges.

    Bobby Charlton, an inmate at Eastern Oregon Correctional Institute (EOCI),

was pepper sprayed after he assaulted a corrections officer.  He was then placed in a

holding cell and filmed for about an hour on a hand-held camera.  The SD card

containing the video was placed directly into an evidence locker and then given to

the Oregon State Police (OSP) on January 16, 2015, as evidence for Charlton's

_____

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

criminal prosecution for assault. EOCI employees did not retain a copy of the video because they did not want a potential human error to tamper with the original SD card.

Over a year later, Charlton sued 17 corrections officers and staff members employed by EOCI, claiming deliberate indifference to his need to be decontaminated from the pepper spray. On June 30, 2017, Charlton requested production of the holding-cell video, but it had already been destroyed by OSP after Charlton's criminal trial. Charlton moved for spoliation sanctions. The district court denied Charlton's motion, and the defendants prevailed at trial.

Charlton now appeals the district court's denial of his motion for spoliation sanctions. He claims that the district court erred by not imposing a default judgment, or at the very least, it should have given an adverse inference instruction to the jury. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review the district court's imposition of spoliation sanctions for an abuse of discretion," and the district court's factual findings underlying that decision for clear error. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir. 2006).

1.    To start, Charlton's request for an adverse inference instruction is preserved for appeal. Although he did not request an adverse inference instruction in his spoliation motion, the district court reached the issue and held that an instruction was "not warranted." Charlton then explicitly requested an adverse

inference instruction in his later-filed motion in limine, but the district court denied his request. The issue was "raised sufficiently for the trial court to rule on it," so it is not waived. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (quoting *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992)). Still, the defendants maintain that the instruction is waived under Federal Rule of Civil Procedure 51 because Charlton failed to object at trial. *See* Fed. R. Civ. P. 51(c)(1) and (d)(1)(B). But when "the district court is aware of a party's concerns with an instruction, and further objection would be unavailing, we will not require a futile formal objection." *McGonigle v. Combs*, 968 F.2d 810, 823 (9th Cir. 1992).

**2.** The district court did not abuse its discretion by denying Charlton's motion for spoliation sanctions. Charlton had to establish that the defendants culpably destroyed relevant evidence while having a duty to preserve. *See Leon*, 464 F.3d at 959. A party's duty to preserve begins when it has "some notice that the [evidence is] potentially relevant to the litigation." *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 205) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)).[1]

---

[1] For case dispositive sanctions, such as a default judgment, the requisite culpability is "willfulness, fault, or bad faith." *Leon*, 464 F.3d at 958 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). For an adverse inference instruction, the requisite culpability is less clear, though courts in our circuit have recently required knowledge or negligence. *See, e.g., Lewis v. Ryan*,

The district court found that the defendants were on notice of the video's relevance on February 22, 2016, when Charlton first mentioned being pepper sprayed in a motion to amend his complaint. The district court then held that the "defendants did not willfully, or even negligently, fail to retain a copy" of the video because when OSP "collected the SD card on January 16, 2015, it was not reasonably foreseeable that the card was relevant to any future civil litigation."

The district court's finding that the defendants' duty to preserve arose on February 22, 2016, was not clearly erroneous. Charlton's prior filings omitted any mention of pepper spray, which forms the basis of his deliberate indifference claim.

Charlton insists that the defendants' duty arose at the time of the pepper spray incident for two reasons. First, Charlton claims that EOCI's retention policy imposed a duty to retain the video. The retention policy requires video records made part of Unusual Incident Reports (UIR) to be retained for 10 years. Officer Walker filed a UIR the day after the pepper spray incident, but the video was not made part of the UIR because there was a pending criminal investigation against Charlton. Instead, the SD card was placed directly into the evidence locker to ensure its chain of custody, consistent with EOCI's standard practices. Because the video was not

---

261 F.R.D. 513, 521–22 (S.D. Cal. 2009) (listing cases). Regardless, Charlton has not shown that the defendants had a duty to preserve when they relinquished control of the SD card to OSP, so they were not culpable under any standard.

4

made part of the UIR, the retention policy could not give rise to a 10-year duty to preserve.

Second, Charlton argues that a "physical altercation between an inmate and corrections officer" that gives rise to a "near-contemporaneous creation of a criminal investigation" creates an immediate duty to preserve evidence. But there is no *per se* rule in our circuit that such altercations automatically raise the specter of litigation.

Because the defendants transferred the SD card to OSP on January 16, 2015—over one year before they had notice of Charlton's pepper spray claim—the district court did not abuse its discretion by denying Charlton's motion for spoliation sanctions. In any event, the district court permitted Charlton to present evidence about the defendants' failure to preserve or copy the SD card, and to argue that the jury should infer that SD card had evidence harmful to the defendants' case.

**AFFIRMED.**