FAIRWAY MACHINERY SALES CO v CONTINENTAL MOTORS
CORP

1. FRAUDS, STATUTE OF—BURDEN OF PROOF.
The burden of proving the defense of the statute of frauds to bar
the enforcement of a contract is upon the party against whom
enforcement is sought (MCLA 440.2201).

2. JUDGMENT—SUMMARY JUDGMENT—STATUTE OF FRAUDS—ESTOPPEL.
Summary judgment for the defendant, against whom enforcement
of a sales contract was sought, on the ground that as a matter
of law the statute of frauds barred enforcement was improper
where, on the view most favorable to the plaintiff, the record
showed that the plaintiff's bid was the highest bid, the plain-
tiff's bid was in writing, the defendant orally accepted the bid,
the defendant had promised to put its oral acceptance of
plaintiff's bid in writing, and the plaintiff had detrimentally
relied on that promise, because the plaintiff's pleading raised
the issue of estoppel.

Appeal from Wayne, John B. Swainson, J. Sub-
mitted Division 1 March 14, 1972, at Detroit.
(Docket No. 11526.) Decided April 27, 1972.

Complaint by Fairway Machinery Sales Co.
against Continental Motors Corporation for en-
forcement of a contract. Summary judgment for
defendant. Plaintiff appeals. Reversed and re-
manded for trial.

*Levin, Levin, Garvett & Dill* (by *Harvey I. Wax;
Daniel J. Hoekenga,* of counsel), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Statute of Frauds § 616.
[2] 47 Am Jur 2d, Judgments § 629.

*Butzel, Long, Gust, Klein & Van Zile* (by *Leslie W. Fleming* and *Lawrence R. Van Til*), for defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and QUINN, JJ.

QUINN, J. May 6, 1970, the trial judge granted defendant's motion for summary judgment because "there is no genuine issue of material fact relevant to the application of the statute of frauds * * * , plaintiff's claim is barred by the statute of frauds and defendant is entitled to judgment as a matter of law". Plaintiff appeals.

In August 1965, defendant invited plaintiff and others to bid on used machinery that defendant desired to sell. Plaintiff submitted a bid in conformance with defendant's instructions. The invitation to bid and plaintiff's bid were in writing and plaintiff's bid was the highest bid. On required favorable view, the record establishes that defendant orally accepted plaintiff's bid, and that during the three weeks following the oral acceptance, defendant orally assured plaintiff that the written award of the bid was forthcoming as soon as the paper work was done. On similar view, the record establishes that in reliance on the oral acceptance and assurance, plaintiff disposed of items in its inventory to raise the money to fulfill its bid and did not bid on other machinery it would normally have bid on.

Plaintiff's bid was never accepted in writing and the machinery involved was sold to another.

Plaintiff first contends that the written invitation to bid and the bid satisfied the statute of frauds, MCLA 440.2201; MSA 19.2201, which reads:

"Except as otherwise provided in this section a contract for the sale of goods for the price of $500.00 or

more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and *signed by the party against whom enforcement is sought or by his authorized agent or broker."*

There is nothing in this record to establish a contract signed by defendant, its authorized agent or broker as required by the statute.

In its answer, defendant pleaded affirmatively the statute of frauds. The burden of proving the defense was on defendant, *Redding v Snyder,* 352 Mich 241 (1958). By way of reply to this defense, plaintiff alleged, "that its actions and expenditures in reliance upon plaintiff's *(sic)* (defendant's) acceptance removes the transaction between the parties from the shield of the statute of frauds". In effect, plaintiff pleaded an estoppel which might prevent defendant from asserting the defense of statute of frauds, *Oxley v Ralston Purina Company,* 349 F2d 328 (CA 6, 1965).

There were genuine issues as to the following material facts in relation to the alleged estoppel: did the statements of defendant through its agent constitute an acceptance of the bid and a promise to confirm this bid in writing, should defendant have reasonably expected reliance of the nature alleged by plaintiff, and did plaintiff detrimentally rely upon the representations of the defendant. Summary judgment was not proper.

Reversed and remanded for trial with costs to plaintiff.

All concurred.