**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

M. PAUL WEINSTEIN,

No. 20-15455

        Plaintiff-Appellant,

D.C. No. 2:16-cv-01076-JAD-VCF

    v.

MEMORANDUM[*]

MERITOR, INC.,

        Defendant-Appellee.

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

M. Paul Weinstein appeals pro se from the district court's summary

judgment in his diversity action alleging state law claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo the district court's ruling on cross-

motions for summary judgment. *Hamby v. Hammond*, 821 F.3d 1085, 1090 (9th

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2016). We affirm.

The district court properly granted summary judgment for defendant on Weinstein's claim for tortious interference with a prospective economic advantage because Weinstein failed to raise a genuine dispute of material fact as to whether a valid business expectancy existed. *See Cedroni Ass'n, Inc. v. Tomblinson, Harburn Assocs., Architects & Planners, Inc.*, 821 N.W.2d 1, 3 (Mich. 2012) (elements of a tortious interference with a prospective economic advantage claim; to establish the existence of a valid business expectancy, the "expectancy must be a reasonable likelihood or probability" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment for defendant on Weinstein's claims for breach of oral contract and promissory estoppel because Weinstein failed to raise a triable dispute as to whether his reliance on defendant's alleged promise to issue electronic purchase orders was reasonable. *See* Mich. Comp. Laws § 440.2201 (statute of frauds' writing requirement for a contract for the sale of goods for the price of $1,000 or more); *Fairway Mach. Sales Co. v. Cont'l Motors Corp.*, 198 N.W.2d 757, 758 (Mich. App. 1972) (a plaintiff can invoke estoppel to prevent a defendant from asserting the statute of frauds); *see also State Bank of Standish v. Curry*, 500 N.W.2d 104, 107 (Mich. 1993) (elements of promissory estoppel; "the reliance interest protected by [promissory estoppel] is

*reasonable reliance*" (emphasis in original)).

The district court properly granted summary judgment for defendant on Weinstein's claim for injurious falsehood because Weinstein failed to raise a triable dispute as to whether defendant published a false statement to a third party. *See Neshewat v. Salem*, 173 F.3d 357, 364 (6th Cir. 1999) (elements of injurious falsehood claim under Michigan law).

The district court properly granted summary judgment for defendant on Weinstein's claim for violation of the Nevada Deceptive Trade Practices Act because Weinstein failed to raise a triable dispute as to whether defendant knowingly made a false representation. *See* Nev. Rev. Stat. § 598.0915(15).

The district court did not abuse its discretion by not considering the statements allegedly made by representatives of defendant's competitors and customers because Weinstein failed to demonstrate any error. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (setting forth standard of review and explaining that the district court's evidentiary ruling must be affirmed unless it was manifestly erroneous).

The district court did not abuse its discretion by denying Weinstein's motion for sanctions based on alleged spoliation of evidence because Weinstein's claim of spoliation was speculative. *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 759, 766 (9th Cir. 2015) (setting forth standard of review and the plaintiff's burden of

establishing spoliation, and concluding that the district court did not abuse its discretion by denying sanctions where claim of spoliation was speculative); *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (applying federal law to issue of spoliation of evidence).

The district court did not abuse its discretion by denying Weinstein's motion for a consolidated hearing on his motion for sanctions and the cross-motions for summary judgment. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) (setting forth standard of review and noting a district court's "considerable latitude in managing the parties' motion practice").

The district court did not abuse its discretion by denying Weinstein's request to continue summary judgment because Weinstein failed to satisfy the requirements of Federal Rule of Civil Procedure 56(d). *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100-1101 (9th Cir. 2006) (standard of review); *see also Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (requirements of Rule 56(d)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Weinstein's motion to supplement the record on appeal is denied. *See Gonzalez v. United States*, 814 F.3d 1022, 1031 (9th Cir. 2016) ("Absent

20-15455

extraordinary circumstances, we generally do not permit parties to supplement the record on appeal.").

**AFFIRMED.**